(71 Misc. Rep. 57.)

### KIRCHNER et al. v. KIRCHNER et al.

(Supreme Court, Special Term, Dutchess County. February 4, 1911.)

1. WILLS (§ 802*)—ELECTION OF WIDOW TO TAKE DOWER—EFFECT.

Where a will creates a trust for testator's widow and others, her share to be in lieu of dower, her election not to take under the will does not defeat the trust as to the other persons in interest.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2091–2098; Dec. Dig. § 802.*]

2. WILLS (§ 802*)—ELECTION OF WIDOW TO TAKE DOWER—EFFECT.

Where testator's widow by her election to take dower instead of the provision made for her in the will causes a diminution of the estate devised to others, determinable under the will, whatever she renounces by her election results to the indemnity and benefit of those injured by her acts, and where a will after certain bequests, gave the rest of testator's property to the executors in trust, to pay one-third of the income to the widow for life and the remaining two-thirds to residuary legatees during the widow's life, with $2,000 in legacies to certain persons at the widow's death, and the widow elected not to take under the will, but to take her dower, the trust, as to a piece of realty, given to three devisees absolutely at the widow's death, will be continued until the death of the widow, charged with the dower, the legatees entitled to the $2,000 and those entitled to the realty thus receiving at that time, the same benefits intended by testator, and the residuary legatees receiving the two-thirds income therefrom as provided in the will, with the additional one-third provided for the widow as compensation for the dower paid from their residuary.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2091–2098; Dec. Dig. § 802.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. WILLS (§ 802*)—ELECTION OF WIDOW TO TAKE DOWER—EFFECT.**

The renunciation of the widow could not defeat the remainder given to the residuary legatees of all the trust estate except the realty and $2,-000 bequest, but such gift became immediately accelerated, charged, however, with the equity in favor of the devisees disappointed by the widow's election.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2091–2098; Dec. Dig. § 802.*]

**4. LIFE ESTATES (§§ 18, 19*)—RELATION OF LIFE TENANT TO REMAINDERMAN—LIABILITY FOR SIDEWALK ASSESSMENT.**

A municipal assessment for a sidewalk is not in the nature of an annual tax to be paid entirely by a life tenant of the premises assessed, nor is it such a permanent improvement, that the life tenant should not contribute to its payment, but it should be apportioned between the life tenant and remaindermen, and the same rule applies to the expense for insurance on a building on the premises.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 39, 40; Dec. Dig. §§ 18, 19.*]

Action by Otto Kirchner and another, executors of Charles Kirchner, against Philip Kirchner and others, for direction as to execution of the will. Directions given.

John E. Mack, for plaintiffs.
John Hackett, as guardian ad litem.
William A. Mulvey, for defendants.

MORSCHAUSER, J. The will of Charles Kirchner, deceased, was duly admitted to probate in the Surrogate's Court, in Dutchess county, and Otto Kirchner and Charles Kirchner qualified as executors and trustees. The scheme of the will was that after making certain bequests, all the rest of the real and personal property was devised and bequeathed to the executors in trust, they to pay one-third of the net income to the widow during her life, and the remaining two-thirds of the net income to be paid equally to the 17 nephews and nieces, mentioned in article 11 of said will, during the widow's life. After the death of the widow, $1,000 was given to each of the legatees Belle Hey and Caroline Eckert. A valuable piece of real estate, known as the "Kirchner Hall" property, subject to the trust provision of the will, was given to Otto Kirchner, Wilhelmina Kirchner, and Philip Kirchner absolutely. The remainder of the estate was given to the testator's 17 nephews and nieces, mentioned in article 11 of the will equally. The widow having elected to take her dower instead of the property devised by the will brought an action for admeasurement thereof, and she has been paid as provided by the decree out of the residuary estate, and no part was taken from the property known as "Kirchner Hall"; and the residuary of the estate was thereby diminished. The persons entitled to the remainder, pursuant to the terms of the will at the termination of the widow's life estate, are ascertainable, and the devises under the will are determinable.

The following questions are submitted for determination: (1) Are the legatees Belle Hey and Caroline Eckert entitled to be paid their

legacies now, or are the legacies payable upon the death of the widow? (2) Does the election of the widow terminate the trust as to the property known as "Kirchner Hall," and are the remainders accelerated so as to entitle the devisees Otto Kirchner, Wilhelmina Kirchner, and Frederick Kirchner to immediate possession; and if it does, shall there be any deduction or charge made against this property, either for dower or for life use? (3) Does the election of the widow terminate the trust as to the remainder of the estate; that is, are the remainders accelerated by the refusal of the widow to accept the provisions of the will for her benefit, and shall such remainder of the estate be distributed at this time, or shall distribution be delayed until the death of the widow? (4) Is the assessment for the new cement sidewalk upon the Kenyon property to be paid out of the life use of the widow, or to be paid out of the residue?

The same rule applies to the questions 1 and 2. Where a trust is created, for the benefit of the widow and others, her share to be in lieu of dower, it is held that her election not to take under the will does not defeat the operation of the trust for the benefit of other parties in interest. Page on Wills, p. 874; Portuondo Estate, 185 Pa. 472, 39 Atl. 1105.

As the dower of the widow has been paid out of the residuary estate as directed by the decree, it would be manifestly inequitable to terminate the trust without charge for dower, and to deprive the residuary legatees of the use of the "Kirchner Hall" property during the widow's life, and of the use of the $2,000 given to the Hey and Eckert legatees; while if the trust is continued until the death of the widow, the legatees and devisees mentioned in questions 1 and 2 will receive the same benefits intended by the testator, while the residuary legatees receive, not only the two-thirds provided by the will, but an additional one-third being the net income from the "Kirchner Hall" property, they will, in effect, receive the same benefits intended for them by the testator, and the additional one-third of the income compensating for the widow's dower, which has been paid from their residuary.

Where the widow by her election causes a diminution of the estate devised to others, determinable under the will, then, whatever she renounces by her election of necessity results to the indemnity and enures to the benefit of those who are injured by her acts. Justification for the foregoing construction and disposition is found in some of the cases in this and other jurisdictions.

In the case of Sarles v. Sarles, 19 Abb. N. C. 322, this question was carefully considered by Lawrence, J., and it was held where the widow of a testator declined to accept the provisions of the will in lieu of dower, and elects to take her dower in the real estate, of which her husband died seised, the devisees of the real property upon which such dower interest becomes charged may have recourse to the property rejected by the widow to indemnify them against their loss by reason of their devised property being subject to the charge for dower. The renunciation of the widow could not defeat the gift of the remainder, but the latter becomes immediately accelerated, but

charged, however, with the equity in favor of disappointed devisees. See also author's notes at the end of this case. The Sarles Case was cited with approval in Tehan v. Tehan, 83 Hun, 368–371, 31 N. Y. Supp. 961, 962, citing:

"'In Gallagher's Appeal, 87 Pa. 200, the testator devised certain lands to his sister, and after making provisions for his widow, left the remainder of his estate to nephews and nieces. The widow refused to take under the will, and it was held that sister was entitled to have the assets marshaled, and a sufficient amount set apart to relieve the land devised to her from the burden of the widow's dower. In Sandoe's Appeal, 65 Pa. 314, the widow refused to take under the will. It was held that a court of equity would sequester the devises and bequests intended for her to secure compensation to those whom her election disappointed' "—citing, also, McCallister v.' Brand, 11 B. Mon. (Ky.) 370; Firth v. Denny, 2 Allen (Mass.) 468; McReynolds v. Counts, 9 Grat. (Va.) 242; Dean v. Hart, 62 Ala. 308; Worth v. Atkins, 57 N. C. 272; Story's Eq. Juris. (13th Ed.) 415, 465; Pom. Eq. Juris. § 1083; and H. Jarman on Wills, 683.

In Firth v. Denny, 2 Allen (Mass.) 468, it was held that where a testator by his will, after absolute devises and bequests directed a certain sum to be invested, and the income thereof to be paid to his wife during life, and 'after her death to be distributed among various legatees in certain specified sums, and gave the rest of his estate to his residuary legatees—he left no issue, and his widow waived the provisions in the will in her behalf, and thereby became entitled to a larger estate than the will gave her, and that the residuary legatees were entitled, during the life of the widow, to the income of the fund provided for her and after her death—the principal should go to the legatees named in the will in like manner as if the widow had accepted the provisions therein made for her. Plymton v. Plymton, 6 Allen (Mass.) 178.

In the case of Lawrence's Estate, 36 Misc. Rep. 276, 73 N. Y. Supp. 414, it was held that where a widow elects to take dower rather than the provisions of the will, and made it necessary to appropriate to the satisfaction of her dower proceeds of the sale of real estate, given by the testator to others, the parties benefited should contribute in proportion to their benefits to make up the losses of those who have been disappointed by the widow's election; citing the Sarles and Tehan Cases, supra, and other cases.

As to the third question, the widow and the 17 residuary legatees are the only persons interested in the residuary estate. The rights of the residuary legatees as between themselves are equal and determinable. The estate devised to the residuary legatees has been depleted to the extent of the widow's dower. An immediate distribution of the residuary estate among the residuary legatees will be equitable and just. The election of the widow to take under the law accelerates these remainders, and the beneficiaries enter into immediate enjoyment. The authorities seem unanimous that, in the absence of a controlling equity or an expressed or implied provision in the will to the contrary, the renunciation of a life estate accelerates the remainder. Sarles v. Sarles, supra; Holdren v. Holdren, 78 Ohio St. 276, 85 N. E. 537, 18 L. R. A. (N. S.) 272. The "Kirchner Hall" property should be held in trust during the life of the widow. All of the net

income shall be paid to the residuary legatees mentioned in article 11. On the death of the widow, this property shall belong to Otto Kirchner, Wilhelmina Kirchner, and Philip Kirchner absolutely, free from all liens and charges, except the mortgage thereon at the time of the decease of the testator. The legatees Belle Hey and Caroline Eckert shall each be paid their legacy of $1,000 upon the death of the widow. The premises known as the Kenyon property, valued at $10,000, which, upon the death of the widow under the provisions of the decree in the action for admeasurement of dower, is directed to be sold and the proceeds to be distributed among the residuary legatees, is sufficient security for the legacies of these two legatees; and, upon the sale after the death of the widow, these legacies shall first be paid from the proceeds of sale, and the remainder shall be distributed to the residuary legatees. There is no injustice done to the devisees, Otto Kirchner, Wilhelmina Kirchner, and Philip Kirchner, because they obtain just what the will gives to them, and because their devise is not changed in any particular by the election of the widow, as under the terms of the will the income of this property was to be shared by the legatees, mentioned in paragraph 11 of the will, and the widow until her death. By this construction the residuary legatees are entitled to the income until the death of the widow, and, upon her death, the provisions of the will for the benefit of these three legatees takes effect, there being no difference to them whether the widow takes under the will or by election.

The fourth question is as to the payment of the assessment for the new cement sidewalk on the Kenyon property. This is a permanent improvement. It is well settled that a municipal assessment for a sidewalk is not in the nature of an annual tax, to be paid entirely by a tenant for life of the premises assessed. Nor is it such a permanent improvement as that the tenant for life should not contribute to its payment, but it should be apportioned between the life tenant and the remaindermen. Peck v. Sherwood, 56 N. Y. 615; Chamberlain v. Gleason, 163 N. Y. 214, 57 N. E. 487.

This rule also applies to the expense for insurance on the building. The widow's portion of the assessment may be computed, according to rule 70 of the General Rules of Practice.

An intermediate account may be presented in accordance herewith. Judgment accordingly.