1. WILLS (§ 732*)—CHARGE OF LEGACY UPON REALTY.
   Under a will which gives an executor power to sell real estate and makes legacies exceeding the gross personal estate, the surrogate has no jurisdiction to declare that the legacies are charged upon the real estate.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1732–1737, 1801, 1802–1818; Dec. Dig. § 732.*]

2. WILLS (§ 732*)—LEGACIES—DISTRIBUTION—CHARGE ON REALTY.
   Unless an executor holding a power of sale has executed it and brought the proceeds into court for distribution, there is no warrant for an adjudication as to whether lands embraced in the power are to be resorted to for the payment of legacies.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1732–1737, 1801, 1802, 1818; Dec. Dig. § 732.*]

Judicial settlement of the account of George K. Day, as executor of the will of Edward Parsons Day. Decree entered.

---

James R. Speers, for executor.

Frank M. Wells, for Annie Perry and others.

Henry Escher, Jr., special guardian, for Roberts infants.

Miller, King, Lane & Trafford, for F. B. Torrey, as executor, etc., of E. W. Day, deceased.

George W. MacKenzie, for E. D. Buner and others.

KETCHAM, S. [1] The surrogate undoubtedly has power to construe a will, whenever such construction is necessary to the making of a decree in a proceeding pending before him for the judicial settlement of the accounts of an executor. But this is all the power which he has for the purposes of the present case. Unless the interpretation is essential to the decree distributing the specific fund for which the executor accounts or is accountable, the court may not interpret. Code Civ. Pro. § 2472, subd. 3, last paragraph; section 2481, subd. 11.

Here the accountant discloses personal assets and claims credit for disbursements. The will under which he accounts contains legacies in excess of the gross personal estate. It is contended that these legacies were by the testator made chargeable upon lands of which he died seised and that the court should so declare upon analysis of the will in the light of the circumstances of its execution.

To construe this will in this proceeding, the court would either be content with an empty and academic opinion, or would assume to direct the executor to exercise the power of sale which the will contains and by its aid provide for the payment of the legacies. Either course seems unlawful. One would have no force; the other, a force which the court has no right to exert.

[2] Unless an executor holding a power of sale has executed the same and has brought the proceeds thereof into court for distribution, there is no warrant for an adjudication as to whether or not lands embraced in the power are to be resorted to for the payment of legacies. Bevan v. Cooper, 72 N. Y. 317. The account will be settled accordingly.

Decreed accordingly.

(75 Misc. Rep. 596.)

### In re FUEHRER.

(Surrogate's Court, Kings County. February, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 483*)—ACCOUNTING—TAXES, INTEREST, AND REPAIRS.

　　Disbursements by executor for taxes, insurance, and repairs other than permanent improvements are chargeable upon the income.

　　[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 483.*]

In the matter of the settlement of the accounts of Henry Fuehrer, as executor of one Schlegel. Decree rendered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes