In the Matter of the Accounting of FIRST TRUST AND DEPOSIT COMPANY, as Trustee under the Will of PERCY E. ROCHE, Deceased, Appellant.

MARY DISSEL et al., Respondents.

(Argued June 8, 1932; decided July 19, 1932.)

*Frank H. Hiscock* for appellant. The case presented to the Appellate Division did not permit it to make the modification which it made. There were no objections on the accounting which raised any such question as is involved in the modification. (*Matter of Hart*, 60 Hun, 516; *Matter of Bielby*, 91 Misc. Rep. 353; *Matter of Heuser*, 87 Hun, 262; *Hull* v. *Hull*, 225 N. Y. 342.) Proper construction of the will is that the trustee retain in the trusts all the First Trust and Deposit Company stock owned by decedent at her death and the decision of the Appellate Division providing for a possible liability for so doing is erroneous. (*Mertz* v. *Guaranty Trust Co.*, 247 N. Y. 137; *Mallam* v. *McFie*, [1912] 1 Ch. 29.)

*Arthur E. Sutherland, Jr.,* for respondents. The Appellate Division properly reserved to respondents any right which they may have to cast the trustee in damages for failure properly to execute its trust. Approval of the trustee's acts after the date to which its account extended should not be given. (*A., T. & S. F. Ry. Co.* v. *United States,* 284 U. S. 248; *Roy Realty Co.* v. *Altman & Co.,* 194 App. Div. 43; *Matter of Garvin,* 256 N. Y. 518; *Aalholm* v. *People,* 211 N. Y. 406.)

*Per Curiam.* The trustee filed its account and it has been approved as filed by the Surrogate and by the Appellate Division. If the respondents desired to hold the trustee liable for negligence in the management of the trust before the date of filing the account, it should have been done in the accounting proceeding. Having failed in that proceeding to charge the trustee with negligence, they were thereafter barred from charging it with negligence which occurred at any time before the filing of the account, as the Surrogate had jurisdiction to determine the question of the trustee's negligence. (*Matter of Clark,* 257 N. Y. 132.)

The Appellate Division could not approve the account as filed and at the same time reserve to the respondents the right to charge the trustee with negligence for its acts or failure to act at a time prior to the filing of the account. Neither could the Appellate Division determine any question as to the trustee's liability for its acts or failure to act after the account was filed. No such question was before it. We do not understand that it intended to do so, but the wording of the modification of the decree is not clear.

The decree should be modified so as to point out clearly that the trustee cannot now be held liable for anything that occurred before the account was filed. As to the trustee's liability thereafter, no opinion is expressed as that question is not properly involved upon this appeal.

The third adjudging paragraph of the decree formulated by the Appellate Division should be modified by inserting after the word " matter " the words " in the future " and by adding at the end of the first sentence thereof the words " but the said trustee shall not be liable for any act or failure to act prior to the time its account was filed in this proceeding," and by striking out the exception at the end of the third paragraph of this decree.

The order of the Appellate Division modifying the decree of the Surrogate's Court should be modified in accordance with this opinion and as so modified affirmed, without costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CROUCH, J., not sitting.

Ordered accordingly.