## In the Matter of the Estate of MICHAEL STEMMLER, Deceased.

Surrogate's Court, Kings County, May 22, 1939.

*Kaufman & Weitzner*, for Elizabeth Laub, by *John Ernest Poestges*, attorney in fact, petitioner.

*John W. M. Rütenberg*, for William W. Cantwell, respondent.

WINGATE, S.   Michael Stemmler died intestate in October, 1936, and letters of administration were promptly issued in respect of his assets.   The estate was an extremely simple one with gross avails aggregating $34,258.05, consisting entirely of four bank accounts.   The only debts arose by reason of the last illness and totaled $158.70.   The distributees were four in number, at least one of them, the present petitioner, being an alien non-resident.

She executed a power of attorney in fact to William W. Cantwell of New York city, who accepted on her behalf the $7,472.12 distributive share to which she was entitled according to the account filed in this court by the administrator, but admittedly paid her only $5,872.12, retaining $1,500, or over twenty per cent thereof.

She has now instituted a proceeding predicated on section 231-b of the Surrogate's Court Act, in which she seeks to have this court fix the reasonable remuneration of this attorney in fact and to compel his restitution of the excess of the sum retained over such reasonable compensation to be fixed.   His answer virtually admits all essential points of these allegations but asserts that by reason of the receipt and release which he executed to the administrator on behalf of his principal pursuant to the power of attorney and the complete distribution by the administrator of the assets of the estate in his hands, this court possesses no jurisdiction over the controversy since section 231-b of the Surrogate's Court Act accords to the surrogate authority in this regard only " at any time during the administration of an estate." He has moved to dismiss the petition on this ground.

Properly speaking, the jurisdiction of the surrogate attaches to a particular estate upon the filing of a petition for the appointment of a fiduciary, whether executor or administrator, who shall be authorized to take into possession, marshal and distribute the assets of the deceased, and terminates when these functions have been completed, and the avails have come into the hands of the several persons legally entitled to receive them.   Intermediate these two mileposts in the path of legally transmitting the property of the dead into the possession of the living, many incidental questions must necessarily arise.   In so far as these relate to the *rem* of the assets or to the conduct of fiduciaries or their representatives in relation thereto, it is natural and proper that Surrogates' Courts should possess plenary authority to enable them completely to perform the functions for which they were instituted.   Beyond this point, accessions to surrogates' jurisdiction constitute unnatural expansions of power transcending their primary functions as specialized forums dealing purely with the *res* of decedents' estates which must, to a greater or lesser degree, constitute invasions of

the natural functions of courts of general jurisdiction for the determination of controversies between living persons.

Such extensions of authority in respect of attorneys at law accomplished by the enactment in 1923 of section 231-a was a wholly logical development of the policy that surrogates should be accorded authority to fix the compensation of attorneys for parties to the proceeding, since such attorneys by reason of their participation inevitably received liens upon the *rem* of the estate for their just compensation. The extension of the authority in 1934 (Laws of 1934, chap. 332) permitting an award of recovery against an attorney who had been overpaid was designed merely as a declaratory enactment (*Matter of Anderson*, 136 Misc. 110, 111) permitting the compulsory restitution to estates of funds which had fraudulently been diverted from them. (*Matter of Woolfson*, 158 Misc. 928, 931.) Such assets, if and when recovered, even though this be subsequent to an accounting, become assets of the estate for administration like any others which may come into the hands of the fiduciary, and since the existence of the right to recovery is the question directly at issue, the administration of the estate may not be deemed terminated until the right of the estate in this regard has been adjudicated.

The situation here presented is wholly different. If the petitioner were successful in this proceeding, it would not in any wise result in bringing additional assets into the estate nor in any manner affect the administrator or the other distributees. When the administrator herein accounted for the assets of the decedent in his hands and made complete distribution thereof his administration of the estate terminated. Whereas no judicial decree was entered settling his accounts, this was replaced by a general release which, unless vacated or impeached, possessed an equivalent effect. So far as he is concerned the administration was completed and the present grievance of the petitioner is not against him but because of her assertion that after the money left his hands and came into those of her own duly appointed agent the latter, in violation of his duty as her agent, virtually embezzled a considerable portion thereof. The court is, therefore, of the opinion that the express time limitation upon its authority to entertain such a proceeding, that it shall be " during the administration of an estate," has not met with compliance on the demonstrated facts.

Whereas, therefore, it would willingly accord justice to this petitioner were it empowered so to do it feels it the part of kindness to her to decline to pass upon the controversy since it deems its authority so to do more than questionable. The doors of the Supreme Court are, however, open to her, and its jurisdiction is

beyond cavil not only to remedy the wrong here alleged but also to award against this agent any damages which the petitioner may have sustained by reason of his assent on her behalf to the *prima facie* unreasonable payment by the administrator to his attorney.

The motion to dismiss the proceeding is accordingly granted, without costs and without prejudice to the institution in a court of general jurisdiction of such action by the petitioner against the respondent as she may be advised.

Enter decree on notice in conformity herewith.