In the Matter of the Estate of RUDOLPH F. EMMERICH, Deceased.

Surrogate's Court, Kings County, November 1, 1940.

*Morgan & Lockwood* [*Francis J. Rogers* of counsel], for the City Bank Farmers Trust Company, trustee, petitioner.

*Carl E. Peterson,* for Walter J. Stafford, as executor, etc., of Mary Frances Emmerich, deceased life beneficiary, objectant.

*Weinberg & Weinberg* [*Reuben Weinberg* of counsel], for the Brooklyn Society for Ethical Culture, remainderman, objectant.

Dodd, J., Acting Surrogate. This is a motion to dismiss certain objections to the account of a trustee in respect of its dealings with two trusts erected by the will of this decedent. They are of two general varieties, namely, *first,* in respect of the making and continuance of investments; and *second,* in respect of the proper allocation of certain charges incurred in the process of salvaging mortgage investments.

The substance of the objections of the first class is that the investments were improperly and carelessly made by the trustee and that it failed to take proper and judicious steps subsequent to their acquisition, adequately to safeguard them.

All of the questioned investments were made prior to August 7, 1936, as of which date the trustee presented a former account which adequately listed and described such investments. One of the present objectors and the testatrix of the other were parties to that proceeding for judicial settlement and neither interposed objections to the transactions of the trustee as therein disclosed, whereupon the account was judicially settled by a decree dated and entered on December 14, 1936, by which, among other things, it was directed that the trustee continue to hold the enumerated securities pursuant to its trust obligation.

By reason of their inclusion in the former account, issues were inevitably tendered to the respondents in the proceeding respecting the propriety of acquisition and retention of the securities in question and of the propriety of action of the accountant in respect of them, up to the date of the account. Since none of these potential issues was joined by the filing of objections, they were established *pro confesso.* (*Matter of Melzak,* 153 Misc. 600, 604, 605; *Matter of Ayvazian,* Id. 467, 476; *Matter of Kananack,* 155 id. 35, 37; *Matter of Thaler,* 161 id. 615, 617; *Matter of Gordon,* 166 id. 363, 366.) The resulting decree has rendered all such potential issues *res judicata* and foreclosed their litigation at this time. (*Matter of Hood,* 90 N. Y. 512, 515; *Matter of Baker,* 249 App. Div. 265, 267; *Matter of Gilford,* 155 Misc. 339, 343, 344.)

So long as the decree stands, it is conclusive upon the parties in respect of all issues which might have been litigated in the former proceeding. It is not subject to attack either collaterally or by indirection but can be avoided only pursuant to the provisions of subdivision 6 of section 20 of the Surrogate's Court Act by a direct proceeding for its vacatur. No demonstration has here been indicated which would warrant the reopening of that decree on any of the grounds contemplated in that section. This, however, is wholly beside the present point, since the decree could

be voided only on a direct application made for that express purpose and is not subject to disregard, as is here attempted, in the absence of such direct application.

It follows that the objections of the respondents in so far as they are addressed to the acts of the accountants in respect of these investments up to the date of the former account are improper as attempting to relitigate issues decided by the former decree and are consequently vulnerable to the present motion for dismissal.

This, however, does not imply that the objections in this class are subject to elimination in their entirety. Upon a motion of this type the pleading attacked is entitled to receive the most favorable interpretation and inferences which its language will support. (*Matter of Kirkman*, 143 Misc. 342, 343; *Matter of Hearn*, 158 id. 370, 372.) So construed, these objections may fairly be deemed to tender issues respecting the acts or alleged neglects of the trustee in respect of the investments, during the period subsequent to the date covered by the former account. These are capable of determination only as a result of a hearing and as to these portions of this class of objections, the motion for dismissal must be denied.

Turning to the second class of objections, the executor for the deceased life tenant objects to the charge against income of interest paid on moneys which were in effect borrowed by the trustee from itself to defray salvage costs upon the real property which was taken over by it for the salvage of the mortgage investments. It is, of course, obvious that the money to defray salvage expenses must be secured from such sources as may be available when the emergency may arise. When free principal is available it is usually to be borrowed therefrom. If this is found impossible, it may be taken from income, and when the situation is such that the employment of neither of these sources is available or desirable, it may be sought from an outside lender. (See *Matter of McKeogh*, 158 Misc. 734, 737; *Matter of Schmutz*, 159 id. 454, 457.)

Obviously, when resort has been had to outside borrowing, the lender will be entitled to receive, and the trust will be under obligation to pay, the ordinary current return for the use of the money thus secured. This is just as much a proper cost of salvage as any other item, the expenditure of which is required for the preservation of the investment. Like any other expense of salvage, this must, in the first instance, be paid from any of the three possible sources which may be available, but like any other salvage expense, it must be included as a first charge upon the proceeds of sale of the securing realty when liquidation thereof has been made. (See

*Matter of Otis*, 277 N. Y. 650; *Matter of Brainerd*, 169 Misc. 640, 642.)

It is not clear to the court from the computations of the account respecting the proposed allocation of the proceeds of the sales of the salvaged properties that this procedure has been followed. Apparently the interest on the borrowed funds, necessary for the salvage operation, were initially charged to, and taken from, income. As hereinbefore stated, this was unexceptionable as an initial matter, but now that the investments have been liquidated, income is entitled to a repayment of these sums paid by it, to the same extent and for the same reason that it would have been entitled to repayment of the total expense of salvage if this had been paid from income in the first instance and not borrowed from an outside source.

Since it is not clear from the account that the trustee has recognized and effectuated this right of repayment of income, the motion to dismiss this second class of objections will be denied.

Enter order on notice in conformity herewith.