In the Matter of the Estate of THOMAS A. CLARKE, Deceased.

Surrogate's Court, Kings County, April 9, 1941.

*Kirlin, Campbell, Hickox, Keating & McGrann* [*H. Maurice Fridlund, Richard Sullivan* and *Arnold Tulp* of counsel], for Edward S. Keogh and the President and Directors of the Manhattan Company, as executors, etc., petitioners.

*Halpert & Burger* [*Harold C. Burger* of counsel], for Desmond J. Clarke, legatee, objectant.

*Arthur J. Sleppin*, for Leonore Clarke, legatee, objectant.

*Charles J. Buchner*, special guardian for Thomas Clarke, Mary Ludlow Kravis, John Michael Colgan, George Clarke Colgan, Paul Patrick Colgan, and any and all future contingent remaindermen who may be interested in this proceeding and who may be persons not now in being, objectant.

*Frank G. Colgan*, for Eleanor M. Colgan, legatee, objectant.

*Rosenberg, Goldmark & Colin*, for Geraldine Clarke Kravis, legatee, objectant.

WINGATE, S. Two questions have been submitted to the court for preliminary decision, namely, *first*, whether the present account should commence with May 29, 1935, the date of the testator's death, or with August 31, 1937, which was the last date reflected in the previous accounting of the petitioners, which was judicially settled by a decree, dated January 4, 1938; and, *second*, whether

the petitioners should at this time account as executors and trustees.

The reason underlying the first requested ruling is that on the previous accounting the fiduciaries listed as assets merely the stock of certain controlled corporations without detailing the assets or transactions of the corporations themselves. The accountants are accordingly in doubt as to whether the decree rendered *res judicata* their acts in this regard.

It has been held with increasing frequency in recent years that where fiduciaries are, in fact, in complete or substantial control of corporations by reason of stock ownership, the corporate acts are in reality those of the fiduciaries and the court, in pursuance of the policy of compelling complete disclosure of fiduciary acts, will, if importuned so to do, require a full recital of the corporate transactions thus indirectly performed by the accountants through the medium of the corporate structure. The court is, however, familiar with no precedent which requires such a piercing of the corporate veil where no one desires the adoption of such a course.

In last analysis the only tangible object which is held by fiduciaries in such a situation is a certificate of stock  Of course this ownership carries certain rights and authorities with it, but when no question is raised respecting possible misuse of such rights or authorities there is no reason for involving the fiduciaries and consequently the estate in the trouble and expense of an inquiry respecting transactions which all concerned concede to have been proper. The certificate of stock is in essence a symbol of the business in a manner somewhat analogous to that, for example, of a necklace, which might be listed in an account as an asset of the estate. Such necklace might consist of a given number of diamonds or pearls, but its enumeration as a necklace possessing a stated value would unquestionably be deemed an adequate disclosure in the absence of challenge which demanded a specific enumeration of the individual gems entering into its composition.

Approaching the problem from another angle, it is a familiar fact that a fiduciary will be compelled to submit to an exhaustive inquisition respecting his acts under section 263 of the Surrogate's Court Act if any interested person requests it. He is not, however, required so to do unless it is desired.

In the present instance the composite result of the acts of the accountants in respect of the controlled corporations was fully reflected in the values assigned to their respective stockholdings in the former account. The only altering effect of a recital of those acts in full which could possibly result would be to vary the value of the assets with which the fiduciaries were charged in this con-

nection. This value was, however, rendered *res judicata* as of the date of August 31, 1937, by the entry of the former decree, and its subsequent alteration would not be permissible on fundamental principles of the sanctity of decrees so long as the pronouncement previously entered remains unimpeached.

The court accordingly determines that all transactions of the fiduciaries in respect of the controlled corporations up to August 31, 1937, were rendered *res judicata* by the former decree and that the only acts which may now be subjected to scrutiny are those which have occurred since that date.

Approaching the solution of the second question, it is obvious, since the natural executorial functions of marshaling the assets of the estate have not yet been completed, that an accounting in an executorial capacity is necessary. On the other hand, the situation of the estate and the knowledge by the testator of its probable course of administration as disclosed in the will indicate that trust duties must inevitably be and have been performed by the fiduciaries during the period of almost six years since the date of his death. Obviously these transactions are necessary of disclosure wherefore the account should be rendered in both capacities or, perhaps more correctly speaking, in that of executor-trustee.

Proceed in conformity herewith.