In the Matter of the Accounting of FRANK C. GENOVESE, as Executor of MARGUERITE J. METTE, Deceased, Appellant. JOSEPH C. GENOVESE, Attorney for Executor, Appellant; JOHN BOLINGER et al., Respondents.

Second Department, June 14, 1948.

*Daniel W. Ticknor* for appellants.

*Evelyn P. Luquer* (*Francis D. Kalosky* and *G. Holbrook Barber, Jr.,* with him on the brief), for National Tuberculosis Association, respondent.

*Robert T. Wood,* special guardian for infant respondents.

LEWIS, P. J. On this accounting proceeding, the Surrogate held, among other things, that the executor's attorney had received excessive fees to the extent of $2,707.41. Reargument was granted by this court to consider the question of whether the executor's surcharge and the refund directed to be made by the attorney of the excess fees should be limited to the amount

necessary to pay the proportionate share of the objecting parties only. Under the decree appealed from, the entire sum of $2,707.41 was ordered repaid by the attorney, and the executor was surcharged in a like amount, notwithstanding that objections to the payments had been filed on behalf of but four of the eight legatees interested in decedent's estate.

Appellants contend that under the decisions of this court in *Matter of Ellensohn* (258 App. Div. 891) and *Matter of Dempsy* (259 App. Div. 1083), such refund and surcharge should be restricted to an amount sufficient to pay only the objectants. I am of the opinion, however, that under section 231-a of the Surrogate's Court Act that contention cannot be sustained; and that the refund directed thereunder inures to the benefit of all those interested in the estate, regardless of whether or not all the parties had interposed objections. That section was not passed upon in the *Ellensohn* and *Dempsy* decisions (*supra*); and those cases should not be deemed controlling on the question at issue.

Assuming it to be the general rule that a surcharge is limited to the amount of damages suffered only by objecting legatees (*Matter of Garvin*, 256 N. Y. 518; *Matter of Roche*, 259 N. Y. 458), that principle has no application where an attorney's fees have been found to be excessive and a refund has been directed under section 231-a of the Surrogate's Court Act. That section authorizes the Surrogate, at any time during the administration of an estate, to fix the compensation of an attorney for services rendered to the estate or its representative. It also expressly provides: " In the event that any such attorney has already received or been paid a sum in excess of the fair value of his services as thus determined, the surrogate shall have power to direct him to refund such excess." Obviously, the refund of " such excess " means the entire excess, and not merely the part thereof represented by the objecting interests. It may be that the quoted provision was added to the section to overcome the decision in *Matter of Rosenberg* (263 N. Y. 357), in which it had been held that the Surrogate was without authority summarily to direct an attorney to refund the excessive fees. The statutory language, however, permits the Surrogate to order a refund of the entire excess. There is nothing contained therein which indicates that it was the legislative intent to restrict the refund to the " proportionate " excess sufficient to pay only those parties who objected. Moreover, the refunds, when recovered, become assets of the estate for administration like any others which may come into the hands of the fiduciary (*Matter of Stemmler*, 171 Misc. 318, 320); and, as such, they are available for distribution to all the beneficiaries.

The fact that nonobjecting parties may, under some circumstances, participate in benefits to the estate effected through the efforts of others, has been recognized in *Matter of Koch* (184 Misc. 1, 6) and *Matter of Ziegler* (170 Misc. 748, 751). Similarly, the refund directed pursuant to section 231-a is not limited to the objecting interests. A contrary holding would result in the anomalous situation that an officer of the court, whose fee has been found to be excessive and who has been ordered to return such excess, could retain the exorbitant fee except for the portion represented by those parties who objected. Such a result is illogical and is opposed to the explicit provisions of section 231-a.

' That section may be invoked in connection with the executor's accounting, without the necessity of a separate petition or hearing. (*Matter of Smith*, 259 App. Div. 63, 66.) In the case at bar, notice was given to all the interested parties, there was substantial compliance with all the procedural requirements, and upon the filing of the objections to the amount paid for attorney's fees, the proceeding, in effect, became one to determine the attorney's compensation. As such, the provisions of section 231-a are applicable; and the Surrogate properly directed the refund of the entire excess of the attorney's fee to the estate and surcharged the executor in the same amount.

*Matter of Sielcken* (176 Misc. 235, affd. 263 App. Div. 866, motion for leave to appeal denied 288 N. Y. 739), referred to in the dissenting opinion, is not at variance with the views expressed herein. That case holds only that a reduction in the fees of the executor's attorney, resulting from objections filed by the attorney for one of the legatees, was not such an increase in the assets of the estate as to justify payment of the fees of the legatee's attorney out of the general assets of the estate. It does not involve the question under consideration; and does not affect the conclusion that the entire estate benefits from the refund directed under section 231-a of the Surrogate's Court Act.

We adhere to the decision of this court heretofore rendered; and the decree, insofar as appealed from, should be affirmed, with costs to the successful parties who have appeared and filed briefs, payable out of the estate.

JOHNSTON, J. (dissenting). I dissent and vote to modify the decree by limiting the surcharge to the amount necessary to satisfy the shares of the objecting legatees only and to limit the attorney's refund to the estate to the amount of the surcharge as thus determined.

The court is unanimously of the opinion that ordinarily a fiduciary's surcharge is limited to the amount necessary to pay

the proportionate share of the objecting interests alone. Indeed, that rule is well settled and supported by controlling authority. (*Matter of Garvin,* 256 N. Y. 518; *Matter of Roche,* 259 N. Y. 458; see, also, *Matter of Koch,* 184 Misc. 1, and cases cited at p. 5.) The majority believes, however, that, while prior to the amendment (L. 1934, ch. 332) of section 231-a of the Surrogate's Court Act the rule applied to all types of surcharge, perforce the amendment a different rule now obtains where the surcharge is based on the payment of an unreasonable fee to the attorney for the estate representative. The amendment added the following paragraph to the statute: " In the event that any such attorney has already received or been paid a sum in excess of the fair value of his services as thus determined, the surrogate shall have power to direct him to refund such excess."

We are presently concerned only with the amount of the surcharge. The history of the amendment shows that its purpose was entirely foreign to the subject under consideration. In *Matter of Rosenberg* (263 N. Y. 357) it was held that under section 231-a as it then read (that is, prior to the 1934 amendment), the Surrogate's Court was without power to direct an attorney for the estate to refund excess compensation voluntarily paid to him and that the rights of the parties should be litigated in the ordinary way, that is, by action. It was to overcome that decision that section 231-a was amended by adding the above-quoted paragraph. The sole object of the amendment was to clothe the Surrogate's Court with jurisdiction — which prior thereto it did not possess — to direct, by summary order, that an attorney refund excess compensation. (*Matter of Rosenberg,* 157 Misc. 490, 493.) The amendment did not have for its purpose any change in the rule with respect to the amount of the surcharge to be made. This court, on two prior occasions, has expressly so held. (*Matter of Ellensohn,* 258 App. Div. 891; *Matter of Dempsy,* 259 App. Div. 1083.) The record on appeal in the latter case reveals that the sole argument advanced in the briefs and rejected by this court was that, because of the express provisions of section 231-a, as amended in 1934, the entire excess was properly made the subject of surcharge and refund and that all the distributees, whether they did or did not file objections, were entitled to share in the surcharge. No reason presently appears why *Matter of Ellensohn* (*supra*) and *Matter of Dempsy* (*supra*) should be overruled. In fact, a re-examination of the question confirms the correctness of the determinations.

In my opinion, the conclusion of the majority may not be reconciled with the theory underlying the determination in

*Matter of Sielcken* (176 Misc. 235, affd. 263 App. Div. 866, motion for leave to appeal denied 288 N. Y. 739). There it was held that where, on the objection of the widow of the testator — the residuary legatee — to the executor's account, the fees paid to the attorney for the estate were reduced, the attorney for the objecting residuary legatee could not, under section 231-a of the Surrogate's Court Act, obtain from the general estate an allowance for the services rendered but had to secure payment from his client only. If, as the majority hold, the amount of the surcharge and the refund to the estate are for the benefit of nonobjecting as well as objecting legatees, the services of the attorney for the objecting residuary legatee in the *Sielcken* case (*supra*) would result in benefit to the estate as a whole. In such event, the attorney would have been entitled to payment from the entire fund and not merely from the distributive interest of the person on behalf of whom he primarily acted. Obviously, the theory underlying the determination in the case cited is that, where the objection of the legatee results in the reduction of fees paid to the attorney for the estate, the attorney for the objecting legatee renders no services to the estate; that no one except the client for whom he purported to act has benefited by his services and, therefore, payment of the fee of the attorney for the objecting legatee must come only from the objecting legatee's share. In my opinion, that determination can have only one meaning, and that is, that objections such as are involved in the case at bar can result only in a benefit to the objecting legatees and not in a benefit to the estate generally or to nonobjecting legatees as well as objecting legatees.

The fact that the refund by the attorney for the estate of his excess compensation is required to be made to the estate does not add any force to the views of the majority. The only reason for such a direction is that the overpayment originally was made from the moneys of the estate. The statutory language permits the Surrogate to direct a refund of the entire excess where all of the legatees object, but does not require him to direct a refund of the entire excess where only some of the legatees object. That it was the legislative intent to restrict the refund to the proportionate excess necessary to pay only objecting legatees appears clearly from the fact that as to nonobjecting legatees the fee is not excessive because they are deemed, by not objecting, to have assented to or ratified the payment insofar as the payment represented their share of the estate assets.

In *Matter of Stemmler* (171 Misc. 318), cited by the majority, the only question was whether a proceeding to compel an attorney *in fact* to refund money to his principal was brought in time, in view of the provision of section 231-b of the Surrogate's Court Act that such a proceeding must be brought " at any time during the administration of an estate ". The determination made had no bearing on the subject matter here under consideration.

The amount of the surcharge of the executor and the amount of the refund directed to be paid by the attorney to the estate should be limited to four eighths, or one half, of the alleged overpayment to the attorney.

SNEED and WENZEL, JJ., concur with LEWIS, P. J.; JOHNSTON, J., dissents, in opinion in which ADEL, J., concurs, and votes to modify the decree by limiting the surcharge to the amount necessary to satisfy the shares of the objecting legatees only and to limit the attorney's refund to the estate to the amount of the surcharge as thus determined.

On reargument, decree of the Surrogate's Court, Putnam County, insofar as appealed from, affirmed, with costs to the successful parties who have appeared and filed briefs, payable out of the estate.