## (January 16, 1952.)

In the Matter of the Second Intermediate Accounting of E. WINSTON RODORMER et al., as Trustees under the Will of DANIEL M. EDWARDS, Deceased, Respondents. ROBERT B. ANDERSON et al., as Executors of ELEAZER W. EDWARDS, Deceased, Appellants; DAVID A. FRASER, Special Guardian for FLORA B. EDWARDS and Others, Infants, et al., Respondents.— Memorandum: The issues raised by objectants' claims for income for the years prior to 1945 are concluded by the prior decrees of May 15, 1935; January 18, 1938, and April 5, 1945, from which there has been no appeal. These decrees, judicially settling earlier accountings, are *res*

*judicata,* both as to the disbursement of the trust estate income and as to corporate affairs and transactions prior to January 25, 1945. The Surrogate, in those proceedings, had jurisdiction to hear these objections, but the objectants having then failed to present their claims are barred from doing so now, every issue actually or potentially tendered by the account, to which no objection is made, being rendered *res judicata* by a decree settling such account. (*Matter of Baker,* 249 App. Div. 265; *Matter of Clarke,* 176 Misc. 187; *Matter of Blake,* 46 N. Y. S. 2d 549; see, also, *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304-306.) Appellants' claims relating to the alleged impropriety of the disbursement of income received by the trustees after January 25, 1945, are not supported by the record. We likewise find no basis for appellants' demand for one quarter of the net corporate income from September 13, 1945, to April 12, 1946. The decree affirming the report of the Referee in the prior removal proceedings (affd. 276 App. Div. 944; motion for leave to appeal denied, 301 N. Y. 814) is *res judicata* as to the issue of good faith, self-aggrandizement, malfeasance, etc. on the part of the trustees; that being so, the court should hesitate to lift the corporate veil for the purpose of substituting its judgment for that of the directors in the exercise of their discretion as to corporate fiscal policy and, under the circumstances here, declines to do so. All concur, except Piper, J., who dissents and votes for reversal and remitting the matter to the Surrogate's Court to take proof of the net income of the two corporations for the years 1940 to 1945 to determine whether or not there was income available to pay the $5,000 annually to the four children of testator, and (2) to take proof of the net income of the corporations between the date of the mother's death and the date of Wells' death and to determine what his proportionate share of that income was in accordance with the trust provisions of the will of the testator. (Appeal from part of a decree settling the accounts of trustees. The order granted motion to dismiss certain objections on the ground that they were passed upon in previous proceedings.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.