McGrath, S.
The issues presented by the objections to the account of the trustee are determined as follows:
The questions raised herein respecting the excessive valuations placed upon the Yonkers realty by the trustee in the estate tax proceedings, and the excessive estate taxes paid as a result thereof are resolved by the prior decrees herein. These transactions were fully set forth in a prior account which was settled by a decree. As to such matters the decree is conclusive (Matter of Roche, 259 N. Y. 458; Matter of Edwards, 279 App. Div. 841).
The request of the special guardian to surcharge the trustee for the continued retention of this realty must be denied. It is clear that the excessive valuation placed thereon as of the date of the death of the testatrix was not the actual value of the realty, and since the proof adduced herein fails to demonstrate that this property could have drawn a better price, the court must conclude that the trustee received the best price obtainable.
*258 The objection to the real estate brokerage commissions paid on the sale of the realty is overruled.
The objection of the special guardian to the failure of the trustee to apportion between principal and income, the payments made solely out of principal in amortization of the mortgage on the trust realty must be overruled. In Matter of Kaiser (58 N. Y. S. 2d 787, 789) it was stated that “ Amortization payments are properly charged to principal and do not constitute proper charges against income. * * * Even if there was a direction in the will, which there is not, for a payment out of income for amortization charges or for payments of the entire mortgage, such direction would be void as an accumulation of income. Thorn v. De Breteuil, 86 App. Div. 405, 83 N. Y. S. 849, affirmed 179 N .Y. 64,71 N. E. 470; Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302; Matter of Adler’s Estate, 164 Misc. 544, 299 N. Y. S. 542; Matter of McLaughlin’s Estate, 164 Misc. 539, 299 N. Y. S. 559; Section 63, Real Property Law; Section 11, Personal Property Law.”
The special guardian’s position, however, is that the foregoing rule as to accumulations and section 61 of the Beal Property Law have been modified by the provisions of section 1330 of the Civil Practice Act so that an apportionment of the amortization payments is now required.
Section 1330 of the Civil Practice Act provides for the valuation of interests in real property “ whenever * * * 2. ownership of real property is divided into successive legal interests * * * and the fraction of complete ownership belonging to each partial owner must be ascertained so as to permit an adjudication of the fraction of some new capital expenditure required either for the payment of a mortgage, special assessment or other lien upon such property ”. (Italics supplied.)
It is maintained by the special guardian that the Legislature by including in this section a mortgage indebtedness in the same category as special assessments indicated a purpose to require apportionment since special assessments and other liens were apportioned between life estates and remaindermen (Chamberlin v. Gleason, 163 N. Y. 214; Kirchner v. Kirchner, 71 Misc. 57; Stilwell v. Doughty, 2 Bradf. 311) prior to the enactment of section 1330 of the Civil Practice Act.
Article 80-A (§§ 1330-1335) of the Civil Practice Act (added by L. 1947, ch. 848) was recommended by the Law Bevision Commission. (See N. Y. Legis. Doc., 1947, No. 65 [M].) This legislation was proposed in order to remedy the lack of any single and comprehensive outline of a procedure for valuing *259 interests in real property. Existing statutes on the methods of valuation were fragmentary and were not in terms applicable to many of the situations in which valuation had to be made, forcing the courts in those instances to proceed to make the valuation by analogy to the few situations in which the statutes or rules prescribed the valuation procedure in whole or in part. The many fact situations which had theretofore presented problems of valuation to the various courts are specifically enumerated and considered in the report of the commission (1947 Report of N. Y. Law Revision Commission, pp. 319-362).
It is clear both from the statute itself and the report of the commission, that article 80-A was enacted to provide for the regulation of valuation techniques applicable to certain interests in real property, thus formulating a rule of procedure and not a rule of substantive law. Neither in the report nor in the statute can there be found any intent to affect acknowledged property rights. No new legal relationships have been formed by the statute. It limits itself by its terms purely to the purpose for which it was created, to wit: a method of procedure for the valuation of recognized interests in realty whenever a burden is required to be shared. It does not pretend to create new interests therein.
In recommending that a mortgage burden be coupled with a “ special assessment or other lien ” in the statute, the commission was considering the problem confronting the court in Swaine v. Perine (5 Johns. Ch. 482) (1947 Report of N. Y. Law Revision Commission, p. 349, n. 160). In that case, the heir of the decedent had paid off a mortgage upon land in which the widow had a right of dower. The court found that the heir should be compensated by the widow for the mortgage expense chargeable to her. In order to determine the gross sum which was to be deducted as compensation from her dower, the court was required to resolve a problem of valuation.
In its reference to this case and others similar to it, the commission was concerned because “ No statutes give guidance as to the applicable methods of valuation in this fact situation ” (1947 Report of N. Y. Law Revision Commission, p. 349, n. 160). This background emphasizes the procedural nature of the new statute. To ascribe an intent therein to vary our law respecting accumulations would in the light of this background be an obvious distortion of the law.
Matter of Colligan (202 Misc. 728) cited by the special guardian did not involve the question of accumulations which is presented to this court.
*260 Accordingly, it must be found that the trustee’s failure to apportion the amortization payments was correct (Matter of Kaiser, supra; Matter of Danziger, 58 N. Y. S. 2d 790, 795, mod. on other grounds and otherwise affd. 271 App. Div. 888; Real Property Law, § 61; Personal Property Law, § 16).
As a result of the sale of the 27th Street realty by the trustee subsequent to the hearing of the objections, the issue as to the power and authority of the trustee to set up a reserve out of income for depreciation of the realty is academic.
The objection of the special guardian to the item of $750 for legal services is sustained. This charge should be made against the individual clients and not the trust. The objection of the special guardian insofar as it relates to the item of $6,000 for legal services is overruled. The compensation requested by the attorneys for the petitioner is fixed and allowed in the sum requested for all services set forth in the affidavit sworn to the 19th day of May, 1955, and marked “ Trustee’s exhibit 9 ”.
Inasmuch as the petitioner’s counsel has stated in open court that the “ Laughlin ” and “ Dankelmann ” matters were included in the present account only as “ a matter of practical convenience ”, the decree to be entered hereon may contain appropriate recitals for the protection of the wards of the special guardian.
The agreement made by one of the attorneys for the petitioner and which is described in Schedule “ L ” of the account is a matter beyond the jurisdiction of this court.
Commissions will be computed upon the settlement of the decree to be entered hereon.
Settle decree.