S. Samuel Di Falco, S.
In this accounting proceeding Abraham S. Wilk, the attorney of record for this insolvent estate, was directed to refund $3,600. The gross estate herein amounted to some $16,000. Mr. Wilk alleged in support of his original position that a $6,000 fee was reasonable, that he had shared his fee with an attorney, Melvin Siegel, a son-in-law of the deceased and the widow executrix. Mr. Siegel was not before the court at the time this court rendered its decision (N. T. L. J., May 14, 1963, p. 17, col. 7) regarding Abraham S. Wilk. No process in the accounting proceeding had at that time been served on Siegel. Thereafter Mr. Siegel and his mother-in-law, the executrix, were served with a citation based upon Wilk’s petition that they be directed to pay over to the estate the sum of $3,025 paid to Siegel as his share of the $6,000 fee. At the hearing on the issues raised by the answer, Wilk testified that in pursuance of his arrangement with the executrix and her son-in-law, the son-in-law was paid $3,025 in three checks on or about July 14, 1953, $1,125; February 26, 1957, $1,000; and March 15, 1957, $900. The $25 overage was explained as a disbursement which had been advanced by Siegel. The first check was indorsed “Ee: Cavendish Shirt Corp. & Estate of Edwards ”.
The shirt company was the decedent’s business and part of the fee was allegedly payable for services rendered in connection with the sale of the estate’s interest in the company. Siegel appeared in his own behalf and implied on cross-examination that the services for which he was paid did not arise from anything to do with this estate but rather constituted reimbursement for other services performed by him. Siegel offered no evidence in support of his position and he did not testify in his own behalf. Siegel contends that this court lacks jurisdiction over the subject *705 matter and that Wilk must be relegated to another forum to recover any part of the fee paid to him.
Regarding the jurisdiction of the court — “It is now the settled policy of the Supreme Court to concentrate in the Surrogate’s Court all matters affecting the administration of estates ” (Matter of Katz, 192 Misc. 537; Matter of Moody, 6 A D 2d 861).
Most limitations on the Surrogate’s authority to grant relief on claims pertaining to counsel fees have been removed by persistent amendment of section 231-a of the Surrogate’s Court Act so that there no longer is any necessity to resort to a court of general jurisdiction. The Surrogate may, according to the present statute, direct the attorney to refund any excess fees (Matter of Mette, 273 App. Div. 740). Now that one of the attorneys who shared the excess fee is before the court and it is uncontroverted by any evidence that he did share in the fee, the return of any excess fee received by him may be directed. The Surrogate’s authority to administer justice in all matters relating to the affairs of decedents is statutory (Surrogate’s Ct. Act, § 40).
Research by the court reveals a statement in Matter of Wills (194 Misc. 778) wherein the Surrogate said: “ The court has no jurisdiction to determine the controversy between the two attorneys under the section”. (Surrogate’s Ct. Act, § 231-a.) This statement was made in a case wherein the attorney of record hired another attorney to assist him. It does not appear that the estate’s legal representative was a party to the arrangement. Matter of Wills was recently cited with approval in Matter of Stanton (236 N. Y. S. 2d 358). This was a proceeding to compromise an action for wrongful death and a motion to intervene was made by an attorney claiming an interest in the fee. The petitioner alleged that she had entered into her agreement with attorneys other than the movant and th court cited the Wills case in saying that it lacked jurisdiction to determine a controversy between two attorneys.
In this case it was conclusively shown that both attorneys had shared the legal fee in performance of an arrangement made among them and the legal representative of the estate. In this instance the mother-in-law of one of the attorneys was the legal representative. It is clear that the arrangement to share legal fees was part of the arrangement under which the attorney of record was hired. The testimony is uncontroverted that both attorneys performed some services for this estate and that both attorneys shared the fee.
It is well settled that the Surrogate possesses unlimited jurisdiction over any and every legal and equitable question which *706 may arise in connection with decedents’ estates insofar as it concerns any person actually or constructively before the court by reason of any right in, claim to or obligation in connection with, a decedent’s estate (1 Warren’s Heaton, Surrogates Courts [6th ed.], § 35). The respondent Siegel is now before the court in this accounting proceeding wherein objections have been sustained with respect to the attorneys’ fee paid. Accordingly, in addition to the surcharge of the executrix in the sum of $3,600, this court’s decision dated May 14, 1963 is modified to the extent that Abraham S. Wilk and Melvin Siegel shall jointly or severally refund to the estate the sum of $3,600.
The application by the executrix for an order compelling Wilk to turn over the papers in this estate is granted. Since the executrix is now represented by her son-in-law’s firm, Wilk’s compliance with the turn over order will be conditioned upon the refund to the estate as aforesaid.