■ In the Matter of the Estate of JOHN W. DALLEY, Deceased. LAWRENCE G. WILLIAMS, as Cosuccessor Trustee, Appellant; ORVILLE H. MANN, Cosuccessor Trustee, et al., Respondents.— In a proceeding to judicially settle the account of the trustees under the will of John W. Dalley, deceased, and to construe said will, Lawrence G. Williams, as a successor trustee of the trust created thereby, appeals from so much of a decree of the Surrogate's Court, Rockland County, entered June 14, 1963 upon the Acting Surrogate's decision, as adjudged that the original trustees or their successors were without power: (a) to retain or make other than legal investments; (b) to retain certain real property in the trust; or (c) to retain certain common stocks of corporations while the retained real property constitutes more than 35% of the aggregate market value of all the principal assets of the trust. Decree, insofar as appealed from, affirmed, with costs to all parties appearing and filing briefs, payable from the trust funds. The learned Acting Surrogate correctly construed the provisions of the will as neither empowering the original trustees or their successors to make nor to retain investments in the trust fund other than those investments approved by statute (Personal Property Law, § 21). In determining the aggregate value of the property of the trust fund, the value of the investments in real property within the trust·fund must be considered and counted for the purposes set forth in the statute (Personal Property Law, § 21, subd. 1, pars. [1], [m]). Since no question of the application of the doctrine of *res judicata* is properly before us (cf. *Matter of Roche,* 259 N. Y. 458; *Matter of Emmerich,* 175 Misc. 228, 230), we do not pass upon the effect of the prior decrees of the Surrogate's Court or of the orders of the Supreme Court, none of which is contained in the record presently before us for review. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.