█ In the Matter of the Accounting of MARVIN NAPIER, as Executor of ALEXANDER J. NAPIER, Deceased, Appellant. FLORENCE PIERCE et al., Respondents.— Decree insofar as appealed from reversed on the law and facts and matter remitted to the Surrogate's Court for further proceedings not inconsistent with the memorandum, with costs to the appellant payable out of the estate. Memorandum: The Surrogate's Court has surcharged the executor on an accounting proceeding for the difference between $7,200, that being the highest offer for real estate at an auction sale held on September 12, 1953, and $5,700, the amount received upon the sale of such real estate on April 13, 1955, less the net income from the real estate since September 12, 1953 until the time of the sale. The executor testified that he withdrew the property from sale at the auction because the highest bid, in his judgment, did not represent the fair value of the property. He listed it a few days later with a real estate broker at $11,000. The broker testified that in his judgment the market value at that period was $8,000. The property was rented at that time for $120 per month. The real estate broker advertised the property in the local newspaper and interviewed several prospects but was never able to obtain a firm offer. Early in 1954 the market value on residential real estate in the village of Franklinville began to deteriorate due to the removal of certain industries from the village of Franklinville; sales dropped off 50% and market values declined. Respondents' objection to the account relates to the failure of the executor to accept the bid of $7,200 at the auction of September 12, 1953. The Surrogate has found that the executor was negligent in failing to accept that bid and that he was arbitrary in his attitude in refusing to sell the property to the objectant who made the bid. The will provides: "THIRD.— I direct that all my real and the remaining personal property be sold at public auction and the proceeds thereof divided equally amongst my children; provided however, that if any of the said property shall not bring a price which is deemed reasonable by my executor, then the same shall be withdrawn from sale and sold at such time as a reasonable price can be obtained". Events subsequent indicate that the executor made an error in judgment in not selling the property for $7,200 as bid at the auction sale. However, as we view the record, there is no evidence that he was influenced by any consideration other than the best interests of the estate. The evidence, as we view it, does not sustain a finding that he was either negligent or arbitrary. That part of the decree which sustains the objection to the account and fixes a surcharge should, therefore, be reversed and the objection dismissed. It follows that that part of the decree wherein an allowance is made to the attorneys for the objectant for prosecuting the objections resulting in the surcharge should also be reversed without prejudice, however, to the right of said attorneys, if so advised, to make application for an allowance or for costs in connection with any other services, if there be any, rendered for the benefit of the estate. All concur. (Appeal from part of a decree of Cattaraugus Surrogate's Court settling the accounts of the executors.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.