Jones, J.
We hold that bn the record in this case objections filed by the guardian ad litem to certain investment decisions of a bank acting as trustee of its own common trust fund were properly dismissed on a motion for summary judgment.
In 1952 Empire Trust Company established á discretionary common trust fund pursuant to section 100-c of the Banking Law. In conformity with the provisions of that section The Bank of New York (into which Empire was merged in 1966) as continuing trustee of the common trust fund made a periodic accounting of the proceedings of the trustee for the four-year period ending September 30, 1968. In his report the guardian ad litem and attorney for principal questioned four investments made by the trustee. The trustee moved to dismiss these objections. In opposing the motion the guardian took the position that he had not been permitted, to make copies of certain records of the trustee which he deemed relevant and that he sought opportunity to examine representatives of the trustee having knowledge concerning the questioned investments. The Surrogate, treating the motion to dismiss as in the nature of a motion for summary judgment, denied the motion without prejudice to its renewal after the guardian had examined the appropriate employees of the trustee as to the relevant facts with respect to each investment to which objection had been raised.
Thereafter the-guardian examined the chairman of the bank’s Trust Investment Committee and its chief investment officer, as well as three members of its research and investment analysis department. Information was -developed from the records of the trustee and from the personal knowledge of these witnesses both as to the general practices of the trustee in the investment of the common trust fund and as to the particular history of each of the four challenged investments. It appears that the decision as to which witnesses were to be examined was that of the guardian and that all witnesses whose testimony was sought were produced.
On completion of these examinations the trustee renewed its motion for summary judgment dismissing the objections of the guardian. At the conclusion of oral argument on this motion, the guardian was prepared to submit the issues for determination on the record then available, without trial. That procedural proposal was unacceptable to the trustee, however, since it *516 desired, failing success on its motion, the opportunity to present further evidence on trial. It had not undertaken to elicit affirmative testimony from its representatives on the occasions of their examinations by the guardian.
The Surrogate granted the trusteed motion for summary judgment as to the objections of two investments (Harcourt, Brace & World, Inc. and Mercantile Stores Company, Inc.) and denied it as to the objections with respect to the other two investments (The Boeing Company and Parke, Davis & Company). The majority at the Appellate Division modified by granting summary judgment for the trustee with respect to the objections which the Surrogate had reserved for trial. We now affirm the determination at the Appellate Division, thus dismissing all objections raised by the guardian.
We first note that in the circumstances presented in this record, disposition of the guardian’s, objections on a motion for summary judgment is not inappropriate. The guardian had completed the examination desired by him both of the trustee’s records and of its personnel. He affirmatively indicated his readiness to dispose of the objections on the record before the court on the trustee’s motion to dismiss. There is here no factual dispute between the parties as to what the trustee and its representatives did or omitted to do. The difference between them relates only to the legal conclusion to be drawn from conceded facts — the one contends that the trustee did not meet the duty imposed on it by law; the other, that such duty was discharged, Thus there is presented an issue of law for resolution by the court, including a court at the appellate level.
We take occasion to commend the guardian for the thoroughness of Ms investigation and, such investigation having been completed to his satisfaction, for his further readiness to adopt what appears to be a sensible procedural vehicle, at ¿east in tMs case, for the disposition of the objections raised by him. The statutory requirement for accountings every four years with respect to common trust funds presents an occasion for the exercise of a particularly sagacious prudence. Primarily, we observe that most of the trust beneficiaries have so limited an economic interest in a common trust fund that it is unrealistic to place practical reliance on the disposition of -any of them carefully *517 to scrutinize a trustee’s account. Thus the role of the guardian[1] takes on a special significance, for. the trust beneficiaries must be assured that the. trustee’s accounts will receive careful and thorough review. At the same time if it is to serve the useful purpose for which it was designed,, the common trust fund must be spared the adverse economic impact of the types of harassing litigation to. which the mandatory four-year accounting requirement may expose it.
We turn then to the objections raised here. Initially we do not agree with what appears to have been in part the basis on which the majority at the Appellate Division reached its conclusion. The fact that this portfolio showed substantial overall increase- in total value during the accounting period does not insulate the trustee from responsibility for imprudence with respect to individual investments for which it would otherwise be surcharged (cf. King v. Talbot, 40 N. Y. 76, 90-91; 3 Scott, Trusts [3d ed.], § 213.1, pp. 1712-1713). To hold to the contrary would in effect be to assure fiduciary immunity in an advancing market such as marked the history of the accounting period here involved. The record of any individual investment is not to be viewed exclusively, of course, as though it were in its own water-tight compartment, since to some extent individual investment decisions may properly be affected by considerations of the performance of the fund as an entity, as in the instance, for example, of individual -security, decisions based in part on considerations of diversification of the fund or of capital transaction’s to achieve sound tax planning for the fund as a whole. The focus of inquiry, however, is nonetheless on the individual security as such and factors relating to the entire portfolio are to be weighed only along with others in reviewing the prudence of the particular investment decisions.
The issue raised by the guardian with reference to the trustee’s purchase and retention of the stock of Harcourt, Brace & World, Inc. is in' a different category from that of the other three investments as to which he filed objections. When the guardian raised question as to this security, the Surrogate ruled that since this security was still, on hand at the close of the *518 accounting, period, objections with respect to it must await its liquidation in a subsequent accounting period. This was error; the trustee acknowledged as much and the Surrogate himself recognized and corrected the error in a subsequent case (Matter of Marine Mildand Bank-New York, 77 Misc 2d 543.) Confronted, however, with this ruling of the Surrogate as the law of this case, the guardian was left with no tenable position but to request that the trustee be directed to. file a supplemental account through the date in' 1969 when the holdings in Harcourt, Brace were sold. The Surrogate properly rejected this proposal, however, as violative of the integrity of the statutory pattern for quadrennial accounting proceedings (cf. Banking Law, § 100-c, subds. 14, 15; Matter of Roche, 259 N. Y. 458). On the record now before us, therefore, while it appears that the guardian would doubtless have objected had there been procedural opportunity to do so, no formal objection was ever filed with reference to the investment in Harcourt, Brace. All questions oil this issue have now become moot, however, qnd no useful purpose would be served by remitting this case to permit the guardian now to file an objection as he should initially have been allowed to do, since it appears that a final decree has now been entered in the quadrennial accounting proceeding for the following four-year period, September, 1968 to September, 1972, in which no objection was raised as to the retention of the Harcourt, Brace stock here involved or as to the later acquisition of an additional 500 shares of the same stock, and the account of the trustee with respect thereto has been approved. In any event, for reasons similar to those discussed below with reference to the other three investments, we conclude that there was no sufficient predicate to surcharge the trustee with respect to this investment during the period of the present accounting.
The guardian objected to the trustee’s purchase, retention and sale of the shares of Parke, Davis & Company, its sale of the holding in Mercantile Stores Company, Inc., and its purchase of shares of The Boeing Company. We conclude that there is no sufficient basis for surcharge as to any of such objec-. tions. The record discloses that with respect to each investment the trustee acted in good faith and cannot be said to have failed to exercise “ ‘ such diligence and such prudence in the care and management [of the fund], as in general, prudent men *519 of discretion and intelligence in such matters, employ in their own like affairs ’ ” (Matter of Clark, 257 N. Y. 132, 136; Costello v. Costello, 209 N. Y. 252, 261; cf. EPTL 11-2.2). It was not shown in any instance that the losses to the trust fund resulted from imprudence or negligence. There was evidence of attention and consideration with reference to each decision made. Obviously it is not sufficient that hindsight might suggest that another course would have been more beneficial; nor does á mere error of investment judgment mandate a surcharge. Our courts do not demand investment infallibility, nor hold a trustee to prescience in investment decisions. (Matter of Hubbell, 302 N. Y. 246, 257.)
Whether a trustee is to be surcharged in these instances, as in other eases, must necessarily depend on a balanced and perceptive analysis of its consideration and action in the light of the history of each individual investment, viewed at the time of its action or its omission to act. In our opinion no sufficiently useful purpose would be served by a detailed description of the analysis by which we reach the conclusion that there is no basis for surcharge with respect to any of the four investments here called into question.[2] Procedures we now find acceptable with respect to these investments at thé time of this accounting may not be satisfactory at another time in other circumstances. It suffices here to state that we do not find sufficient basis for surcharge in this case.
The order of the Appellate Division should accordingly be affirmed.
Chief Judge Breitel and Judges Jasen, G-abrielli, Wachtler and Rabin concur; Judge Stevens pairing no part.
Order affirmed, with costs to all parties appearing separately and filing separate briefs payable, out of the trust fund.

. The guardians ad litem are appointed not only to protect the interests of infants, incomp’etents and unknowns, as in the usual case, but also to represent all others who do not appear in the proceeding (Banking Law, § 100-c, subd. 12),

. In. view of the procedural circumstance that this case is before us on objections to investment in four particular securities only, we express no view as to the general adequacy or inadequacy of the operational practices of the trustee as disclosed in this record to meet the requirements of General Regulation No. 11 issued by the Banking Board, now found in section 22.10 of the Board’s General Regulations.