*540 OPINION OF THE COURT
C. Raymond Radigan, J.
In these two estates of husband and wife, Irving and Ruth Jakobson, there are presently three accounting proceedings, one in the estate of Ruth Jakobson, who predeceased her husband and whose will pours over her residuary into an inter vivos trust for which there is also an accounting, and the third accounting relates to the inter vivos trust created by her husband, Irving Jakobson. Objections to all three accounts have been filed by the son and only beneficiary, Peder D. Jakobson.
The first 11 objections have been disposed of by a prior decision. The present motion seeks dismissal of objection 12 by summary judgment. Summary judgment will be granted when no triable issue of fact exists making "one or the other of the parties * * * entitled to judgment as a matter of law” (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.01).
Objection 12 cites to exhibit B, "a professional analysis of, inter alia, the trustee’s management of trust assets.” This analysis alleges a lack of diversification resulting in a breach of a fiduciary’s duty to prudently invest trust assets. However, "there is no absolute duty to diversify in all circumstances, and although a failure to diversify will not automatically result in liability, neither is a fiduciary automatically insulated from liability based on a 'mere’ failure to diversify where the lack of diversification itself presents an unreasonable risk to the assets of the estate or trust” (Matter of Janes, 223 AD2d 20, 29, affd 90 NY2d 41 [1997]). The Court in the Janes case cites an illustration from Restatement (Second) of Trusts § 228, which states that the investment of one-half the funds in a single security would ordinarily be a breach of trust. In the case at hand, the highest concentration of funds in a single security (Colgate Palmolive) only reaches 24.5% constituting less than one quarter of the trust’s assets.
In addition to the objectant’s investment analyst’s evaluation in exhibit B, he also prepared an additional analysis set forth in a letter to the objectant’s attorney dated March 21, 1995:
"Herewith the opinion you requested regarding the investment returns achieved in the management of the above cited trusts. The information I have is that as of December 12, 1985 the value of the Irving Jakobson Trust was $55,650.69, and of the Ruth Jakobson Trust $111,464.98. By August 4, 1994 the *541 value in the Irving Trust had. appreciated to $109,079.02, 196% of the original value; and the Ruth Trust had appreciated to $296,173.31, 265% of its value in 1985.
"The standard method used in evaluating investment performance is to compare the results achieved with those of a market index representative of the universe or sub-universe of investments similar in nature to those being evaluated, e.g., Dow, S&P, and Russell indices, reflecting the ups and downs of either large company stocks, small stocks, government bonds, corporate bonds, or real estate.
"The market index relevant to the investments made in the Jakobson Trusts is the Dow Jones Industrial Average, which tracks the performance of large companies. Over the period at issue, December 12, 1985 to August 4, 1994, the Dow registered a total return of 340%.
"It is not appropriate to evaluate a money manager on the basis of returns over a period of a year or two. But if markedly inferior returns extend over a nine year period, a money manager can hardly justify fees charged. The manager has not added value, since an unsophisticated investor with no professional expertise by simply investing in the Dow 30 could have achieved equivalent or superior results.
"The over concentration of the Jakobson Trusts in a very limited number of stocks, which violated a very basic principle [of] prudent management and adds to risk of principal, can generally be expected to produce inferior results.”
The gravamen of the complaint here is that apparently the trustee’s management of the funds has resulted in "inferior returns” by not matching the Dow Jones Industrial Average which over the period registered a total return of 340% as compared to returns of one of the trusts amounting to 196% and the other 265% over the same period. The objectants have, in fact, used an entirely inappropriate measure to gauge fiduciary conduct. The test is prudence, not performance and mere inferior investment performance cannot be the basis for a finding of imprudence (Matter of Janes, supra). There being no factual dispute and the only issue being if the trustee discharged its fiduciary duty, it is proper to grant summary judgment (Matter of Bank of N. Y., 35 NY2d 512). The motion for partial summary judgment is granted.