■ In the Matter of BANK OF NEW YORK, as Surviving Trustee of Trusts Created by KUO CHING LI, JR., as Grantor, Respondent. LING KUO LI et al., Appellants. [717 NYS2d 512] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about April 19, 2000, which, *inter alia,* denied respondents-appellants' motion for partial summary judgment in this contested accounting proceeding, unanimously affirmed, without costs.

At issue is whether the conduct of petitioner bank complied with the prudent person standard, the standard applicable to the bank's performance as trustee of the subject trusts at the times of the breaches of duty alleged against the bank by respondent trust beneficiaries (*see,* EPTL 11-2.2 [a] [1]; *see also, Matter of Janes,* 90 NY2d 41, 49; *Matter of Bank of N. Y. [Spitzer],* 35 NY2d 512, 518-519). The Surrogate properly denied respondents' motion for summary judgment. Although it might appear, with the benefit of hindsight, that the assets of the subject trusts might have been more profitably invested by petitioner, "a mere error of investment judgment [does not] mandate a surcharge. Our courts do not demand investment infallibility, nor hold a trustee to prescience in investment decisions" (*Matter of Bank of N. Y. [Spitzer], supra,* at 519).

We have considered respondents' remaining arguments and find them unavailing. Concur—Tom, J. P., Ellerin, Lerner and Andrias, JJ.