■ In the Matter of the Estate of PEARL VALE, Deceased. ETHEL J. GRIFFIN, as Administratrix of the Estate of PEARL VALE, Deceased, Respondent; ANTHONY Q. VALE et al., Appellants. [739 NYS2d 21] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about March 27, 2001, which granted petitioner Public Administrator's motion for summary judgment dismissing respondents' objections to her account, and denied respondents' cross motion for summary judgment, unanimously affirmed, with costs.

There are no material issues of fact as to whether petitioner acted prudently in approving the sale of the decedent's cooperative apartment in July 1997 for $775,000, all cash. Before selling the apartment, petitioner knew of an appraisal that was done by a large bank on behalf of the decedent in 1995 shortly before her death valuing the apartment at $750,000; knew of two separate affidavits filed in Surrogate's Court in prior proceedings, one by the decedent's daughter, the beneficiary of a lifetime trust under the decedent's will who at all times has been in favor of the sale, and the other by one of the respondents/objectants herein, the decedent's grandson and a trustee of the lifetime trust, both valuing the apartment at ap-

proximately $700,000; knew that in the months preceding her appointment, a listing for the apartment at $1 million by the decedent's daughter elicited interest from only one person, namely, the ultimate purchaser, a resident of the building who was likely to be approved by a reputedly very selective Board; commissioned an appraisal in April 1997 by an independent certified real estate appraiser that valued the apartment at $790,000; and had advice from a top real estate broker in a highly reputable brokerage firm with intimate knowledge of the building that it would be difficult to sell the apartment on better terms, which advice was fully explored and explained in the broker's deposition. Respondents' procurement of an appraisal in July 2000 valuing the apartment at $1.76 million does not call into question the propriety of petitioner's conduct in July 1997. Even if, as respondents argue, the appraisal commissioned by petitioner was flawed, it cannot be said that petitioner was imprudent in relying on the opinion of a certified appraiser when she had no basis to question its validity. In determining whether the acts of the fiduciary were prudent, the court "must ' "look at the facts as they exist at the time of their occurrence, not aided or enlightened by those which subsequently take place" ' " (*Matter of Hahn*, 93 AD2d 583, 586 [*affd* 62 NY2d 821], quoting, inter alia, *Purdy v Lynch*, 145 NY 462, 475-476). "Obviously it is not sufficient that hindsight might suggest that another course would have been more beneficial; nor does a mere error of investment judgment mandate a surcharge." (*Matter of Bank of N.Y.*, 35 NY2d 512, 519; *see*, *Matter of Napier*, 5 AD2d 757.) In these circumstances, the Surrogate properly denied further disclosure. Concur—Williams, J.P., Lerner, Buckley, Friedman and Marlow, JJ.