■ PAMELA FLETCHER, Appellant, v INSIGNIA/ DOUGLAS ELLIMAN et al., Defendants, and FLORENCE ROLFE, Respondent. [768 NYS2d 197]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 3, 2002, which, to the extent appealed from as limited by the briefs, granted defendant Rolfe's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff seeks damages for alleged misappropriation of property from her mother's estate by defendant Rolfe under such theories as fraud and undue influence, or outright conversion. She also seeks damages for Rolfe's alleged infliction of emotional distress by poisoning plaintiff against her family, thus exacerbating her mental disease.

We agree with the IAS court that plaintiff's property claims

are precluded by prior proceedings in Surrogate's Court, where the executor submitted an accounting of all personal property and rights thereto. The items of which plaintiff complains were not included in that accounting. Plaintiff's interests were adequately represented by a guardian ad litem in that proceeding. Moreover, her brother, Peter Vale, became her guardian under Mental Hygiene Law article 81 well before litigation on the accounting was resolved. Nevertheless, the only challenge to that accounting was lodged by the trustees of the fund slated to receive the proceeds from sale of the estate's assets. This challenge, limited to the price obtained for decedent's apartment, was rejected by the Surrogate, and we affirmed (*Matter of Vale*, 291 AD2d 353 [2002]). Plaintiff is bound by the decision of her guardian not to pursue the property claims in that proceeding (*see Buechel v Bain*, 97 NY2d 295 [2001], *cert denied* 535 US 1096 [2002]).

Plaintiff's remaining claim, for intentional infliction of emotional distress, fails as a matter of law. The conduct alleged—lying to plaintiff and turning her against her family—is insufficiently extreme and outrageous as to support such a claim (*see Ruggiero v Contemporary Shells*, 160 AD2d 986 [1990]). Concur—Tom, J.P., Andrias, Rosenberger and Friedman, JJ.

■ ALEXANDER J.P. GLOTH, Appellant, v BRUSCO EQUITIES, LLC, INC., et al., Respondents. [767 NYS2d 593]—

Order, Supreme Court, New York County (Harold Beeler, J.), entered January 2, 2003, which granted defendants' motion for summary judgment and dismissed the complaint, unanimously affirmed, without costs.