William F. Christiana, S.
The Hanover Bank has petitioned for a judicial settlement of its accounts as sole surviving executor and trustee under the last will and testament and two codicils of Robert T. Van Deusen, deceased. Decedent died November 8, 1919 and his will and codicils were probated in this court on April 14, 1920. Thereunder testator created numerous trusts and named petitioner’s corporate predecessors and two individuals as his executors and trustees. The individual representatives have since died leaving petitioner as the controlling fiduciary. Previous accountings have been had, without objections, this proceeding being the fifth account of the executor and the fourth intermediate account of the trustee. The periods covered by the accounts now filed run from varying dates in 1938 to September 30, 1959. The interested parties on the prior proceedings, as far as material, are the same parties here.
Objections to the accounts of petitioner as sole surviving executor and as sole surviving trustee, of the trusts created under article second, article forty-ninth, article fiftieth, the first codicil and article first of the second codicil of decedent’s will, have been interposed by Harriett H. Church, a life beneficiary under some of the trusts, and by her daughter, Marilynn Elizabeth Dickinson, a remainderman. The special guardian has filed similar objections on behalf of two infants who are contingently interested.
The objections, as amended, are five in number. Objectants seek to surcharge the trustee bank for an alleged negligent performance of its duties not only as to items embraced in the pending accounts but also as to transactions comprehended within the periods of the earlier accountings.
The first allegation of the objections is directed, among other things, at investments made by the trustee in bonds and mortgages and participations in bonds and mortgages ‘1 herein and heretofore accounted for ” on the grounds that such investments were unlawfully, improvidently and negligently made, that proper and timely notice thereof was not given by the trustee, that the trustee failed to comply with subdivision 7 *613 of section 188 of the Banking Law then effective, that the previous judicial accountings did not contain adequate and sufficient information as to such investments, that taxes on properties covered by the mortgages were in arrears from time to time, that the principal assets of the trust were unduly and unlawfully concentrated in the aforesaid investments, that the trustee should have accounted more frequently, and that said mortgage investments constituted self-dealing on the part of the trustee bank.
The second allegation is directed at losses realized on the foreclosure of the aforesaid mortgages, and on the sale of the respective properties taken on said foreclosures, on the ground that said foreclosures, and said sales, were unduly delayed and were conducted in a negligent and careless manner so as to result in increases in the amounts of such losses.
The third allegation objects to the abandonment or write-off of the deficiency judgments obtained in the aforesaid foreclosure proceedings thereby producing severe losses to the corpus of the respective trusts.
The fourth allegation objects to the retention by petitioner of its principal and income commissions, as computed on prior accountings, on the ground that the alleged failure of the trustee bank to exercise due care and prudence in performing its fiduciary duties has resulted in a forfeiture of its commissions.
The fifth objection alleges in effect that petitioner should be denied commissions on the current accountings by reason of its failure to perform properly its fiduciary duties as required by law.
Objectants have moved for an examination of petitioner before trial. The scope of the proposed examination is unlimited in that the fiduciary acts of petitioner, both as executor and trustee, are sought to be probed, not only upon matters embodied in the pending accounts, but also as to items administered during the cycle covered by the prior accounting periods. Petitioner seeks to limit the orbit of such examination to the pending accountings and has filed a cross motion for an order dismissing the objections, insofar as they involve issues said to be settled by the previous decrees, excepting those matters alleged to relate to self-dealing.
The general governing principle is that the judicial settlement of an account of an executor or trustee is conclusive evidence against all parties over whom jurisdiction was obtained and all persons deriving title from any of them at any time as to all matters embraced in the account and in the decree judicially settling the same. (Surrogate’s Ct. Act, §§ 80, 274; 2 Harris, *614 Estates Practice Guide [2d ed.], § 733, p. 1304; Matter of Hood, 90 N. Y. 512; Matter of Barrett, 286 App. Div. 289; Matter of Was, 138 Misc. 521; Matter of Jones, 13 Misc 2d 678.)
However, fiduciaries can find no shelter in prior decrees on judicial settlement where their previous accounts failed to report assets under their supervision and control, or where disclosure of necessary facts is withheld, or where there is misrepresentation or material misdescription of items covered in such accounts or where the nature and circumstances of investments have not been sufficiently set forth. In short, a decree is confined to issues then before the court and has no conclusive effect as to matters which were not and could not be considered or ruled upon in the proceeding in which such decree was entered. (Joseph v. Herzig, 198 N. Y. 456; Matter of Denbosky, 245 App. Div. 93; Matter of Peck, 131 App. Div. 81; Matter of Chapman, 202 Misc. 373; Matter of Williams, 1 A D 2d 1022; Matter of Shehan, 285 App. Div. 785; Matter of Payne, 12 Misc 2d 861; Matter of Seaman, 275 App. Div. 484.)
So too, where the fiduciary has been guilty of self-dealing, or fraud, inspection into matters covered by earlier accounts is not foreclosed by previous decrees. (Matter of Ryan, 291 N. Y. 376; Meredith v. First Trust Co., 260 App. Div. 517; Matter of Young, 249 App. Div. 495, affd. 274 N. Y. 543; Matter of Hildreth, 274 App. Div. 611, affd. 301 N. Y. 705; Matter of Long Is. Loan & Trust Co. [Garretson], 92 App. Div. 1, affd. 179 N. Y. 520.)
Counsel for objectants have ably contended that the case at bar is without the purview of the general rule, and, by reason thereof, the foregoing decrees made on the prior proceedings are not barriers to instant investigations as to issues purportedly settled on the preceding accountings. Particularly stressed is the claim that certain investments made by the trustee, over the years, especially those made in participating mortgages, were not detailed adequately, and that necessary information in connection therewith, especially losses sustained, was not fully disclosed in the antecedent accounts. It is further urged that the very descriptions of these investments, as set forth in the previous accounts, are defective in that they contain abbreviations not sufficiently informative and that the interested parties could not be intelligently advised as to the exact nature and circumstances of such investments.
An examination of the previous accounts indicates that on some occasions the expression ‘ ‘ Participating Mortgage Certificates ” was fully spelled out. In other instances the abbre *615 viation, “ Part. B & M ”, was used to describe such investments. Again, in other places, the entry was simply referred to as ‘1 B/M ’ ’. A typical illustration of the manner in which accounting items of this kind was disclosed is taken from the account of proceedings on the trust created for the benefit of Harriett Van Deusen Merritt, now Harriett H. Church, filed May 3, 1929 covering a period running from April 15, 1925 to October 15, 1928.

Schedule A-l

(Property remaining on hand April 15,1925, the Date of the Last Account)

10.450.
Share in B/M of K. & J. Construction Co., Inc., on premises 610 Oak Terrace, Bronx, New York City, due December 15, 1929 with interest at 5%% payable June and December 1st.
10,450.00

Schedule E

(Property Remaining on hand October 15,1928)
10.450.
Participation in B/M covering premises 610 Oak Terrace, Bronx, New York City, due December 15, 1929, with interest (S) 5%% payable June and December 1st
10,450.00

Schedule F

(Collection of Income)
1927
Dec. 1
6 mos int. @ 5%% on $10,450, Share in B/M of 610-Oak Terrace, Bronx, New York City
287.37
Similar data contained in other accounts previously filed are catalogued in identical fashion.
In the third intermediate account, a combined accounting taken on all of the trusts created under decedent’s will and codicils, running from September 27,1929 to December 23,1937, there is found,, apparently for the first time, the expression “ P/B/M ”. For instance, referring to an investment made in a mortgage participation on premises located at 826/8 Broadway, New York City, we find in Schedule A-l, page 1 of the first of such combined accounts:
“ 20,000.
P/B/M 826-8 B ’way, N. Y. C. due Aug. 1, 1931, int. Apr. & Oct. 5 @ 5% ”
Under Schedule E-2 of the same account, its heading being entitled “ Transactions in connection with the Foreclosure of *616 Mortgages and the Subsequent Operation of the Real Property So Acquired which Remains unsold at the date of this Accounting ”, the following is noted for this particular participation:
1 ‘ Premises 826-8
Broadway, N. T. C.
1. Date of Foreclosure 11/15/35
2. Amount of B/M $440,000.00
3. Share held in this Account 20,000.00 ’ ’
Other entries in the schedules designated as ‘ ‘ E-2 ’ ’, in such accounts, go into considerable detail regarding foreclosures, their costs, the subsequent operation and management of property with reference to premises foreclosed and sold. Schedules E-3 of said accounts indicate the nature of the investments and set forth at some length proceedings on foreclosures, their expenses, operations after foreclosure, subsequent sales, the expenses and proceeds of such sales and the allocations made between principal and income as a result thereof and the apportionment to the share of particular trusts as well as losses incurred.
No attempt is made here to pass on any question of self-dealing in connection with inventoried items comprised within the preceding accounts, since petitioner, while denying self-dealing, concedes that the decrees previously entered yield no protection on such issues.
We have made a somewhat extensive review of the record on the previous accountings. Their text in many particulars is neither light nor pleasant. We are persuaded, however, that the form and pattern followed in such accounts are in conformity with generally accepted practices. When scrutinized in their entirety, and disregarding possible issues of self-dealing, we fail to perceive how anyone examining their contents could be misled or deceived. Losses there were and their indications are manifest from a whole reading of the accounts covering periods when such losses transpired.
We find no authority which requires a fiduciary to specify in minute detail the complete narrative of each and every investment made as set forth in his account of proceedings. Moreover, we are of the opinion that objectants were under some obligation to make timely inquiry and to assert their complaints, if any, on the occasions when the prior proceedings were pending. The application of any other rule, in our judgment, would result in a maelstrom of uncertainty, lack of judicial finality and ultimate chaos. Without some safeguards, no fiduciary could ever rest secure after his supposed acquittance. Hence, *617 we cannot conceive the prior accounts, and the decrees settling them, as constituting useless gestures which may be lightly brushed aside at the caprice of interested parties years after persons involved and records required are no longer available to dispute attacks made on them.
Remarks taken from Matter of Weir (182 Misc. 845) at page 850 would seem to support these conclusions: “If parties who are duly cited upon an accounting do not avail themselves of the rights accorded to them by statute, do not inquire or question acts of the fiduciary which are sufficiently disclosed to them by the account to put them on notice or inquiry, and yet at a later date may assert objections to such previously disclosed acts and proceedings, the benefits of judicial settlement are obliterated. Upon the entry of a decree judicially settling an account, rights of both the fiduciary and the parties in interest vest. Such vesting of rights should not be lightly disturbed except in a proper case under subdivision 6 of section 20 of the Surrogate’s Court Act.”
Much reliance is placed by objectants on Matter of Ryan (supra); Matter of Long Is. Loan & Trust Co. (Garretson) (supra), and Matter of Curtiss (261 App. Div. 964). We make no endeavor to distinguish in detail these decisions from the instant case other than to note that they appear to turn largely on questions of self-dealing, misrepresentation, obvious inadequacy of information supplied in the account or with special circumstances not herewith presented.
We conclude that the weight of authority compels us to hold that the objections, insofar as they refer to transactions embraced within the prior accounting periods, must be dismissed. We hold that such matters as negligence, mismanagement, lack of prudence and due care, illegality of investments, losses sustained, and failure to comply with statutory directions, particularly subdivision 7 of section 188 of the then Banking Law, together with the right of the petitioner to receive commissions on the prior accountings, were issues which were determined or should have been raised on the previous judicial settlements. We further hold that the decrees settling the prior accounts now constitute res judicata as to all matters embraced therein and foreclose queries de novo into transactions transpiring over the prior accounting periods, except for issues of self-dealing. (Matter of Roche, 259 N. Y. 458; Matter of Crawford, 207 Misc. 145; Pray v. Hegeman, 98 N. Y. 351; Matter of Chapin, 171 Misc. 783; Matter of Froehlich, 121 N. Y. S. 2d 917; Matter of Baker, 249 App. Div. 265; Matter of Blake, 46 N. Y. S. 2d 549.)
*618 Petitioner’s motion to dismiss the objections as to all matters, other than self-dealing, occurring during prior accounting periods, is in all respects granted. Objectant’s motion for an examination of petitioner on matters, other than self-dealing, is limited to items contained in the accounts now pending before the court. Proceed accordingly.