Millabd L. Midomck, S.
The application of the guardian ad litem for persons interested in principal of a discretionary common trust fund, for a pretrial examination of the accounting trustee is granted, but its scope will be limited in accordance with this opinion. The only objection to the motion is to the scope of the examination, which is outlined in the guardian’s affidavit. The issue is whether the scope of examination and potential liability of the trustee should extend to a decline in the value of securities which occurred in the period previously accounted for, from July 30, 1965 to July 31, 1969. The trustee opposes defending again with respect to its acts, conduct or possible omissions during that prior accounting period, on the ground that its account for that period was settled by decree of this court dated May 8, 1970. The guardian emphasizes that all the securities in which losses were suffered were sold during the period presently accounted for, which runs from July 31, 1969 to October 31, 1972. Although it is alleged that the realized losses during the period presently accounted for, about which examination is sought, amount to a substantial percentage of the inventory value of the securities at the beginning of the period presently accounted for, it is also alleged by the guardian that the greater portion of the decline in value of the same securities occurred during the period previously accounted for.
The law is well settled that a decree judicially settling the account of a trustee binds all persons over whom the court obtained jurisdiction, and that all such persons are thereafter forever barred from seeking to charge the trustee for any act or omission occurring during the period of the account and fairly revealed in the accounting (Matter of Roche, 259 N. Y. 458, 461; Matter of Baker, 249 App. Div. 265, 267; Matter of Baldwin, 157 Misc. 692, 693, affd. 250 App. Div. 767; Matter of *545 Froelich, 82 N. Y. S. 2d 884, 886, affd. 275 App. Div. 707; Ungrich v. Ungrich, 141 App. Div. 485, 492). This rule is explicitly set forth in the Banking Law in relation to accountings of common trust funds (§ 100-c, subd. 14). In Mullane v. Central Hanover Trust Co. (339 U. S. 306, 311) the court, in ruling upon aspects of this statute on appeal from 299 N. Y. 697, observed that the effect of such a decree is “to settle ‘ all questions respecting the management of the common fund.’ We understand that every right * * * against the trust company * * * for improper management of the common trust fund during the period covered by the accounting is sealed and wholly terminated by the decree.”
In the decisions of this court cited by the guardian (Matter of Bank of N. Y., N. Y. L. J., Jan. 12, 1973, p. 17, col. 2 and March 1, 1973, p. 18, col. 2), the objectant guardian had sought to surcharge the trustee for a loss actually realized after the closing date of the account, and for that purpose, he had requested the court to direct a supplemental accounting covering some months after the maximum four-year statutory accounting period. (At bar, the loss was realized by sales during the accounting period, but the declines were largely experienced before the accounting period.) In the earlier opinions the court denied the request for the reasons stated, adding that ‘ ‘ any issue as to this particular investment can await the next accounting by the trustee ” (N. Y. L. J., Jan. 12, 1973). This was modified in part on other grounds, but affirmed on the issue involved here by directing that the trustee was entitled to summary judgment on the merits without trial, without expressly addressing the problem of losses after the accounting period (Matter of Bank of N. Y., 43 A D 2d 105, app. pending). In Matter of Bank of N. Y., a market value loss in one security was experienced during the current accounting period, but the security had been held for some months beyond the current accounting period and the full measure of the loss was realized during a later period when the security was sold. Under such circumstances, it was decided that this court would not and should not have extended the statutory accounting period beyond the current accounting period. Because of the nature of the common trust fund and the legislative directions for regular periodic accounting, it was deemed improper for this court to direct premature consideration of an additional accounting period. The issue thus raised but left undetermined and reserved, was to be left for ultimate decision in the next regular accounting. The issue should have been confined, as it was, to alleged imprudence in the invest *546 ment or retention of the security during the accounting period only, and evidently this is the effect of the partial affirmance of summary judgment in favor of the trustee as to that security. In Matter of Bank of N. Y., if imprudence had been found upon values determined as of the current accounting period; participating beneficiaries who had suffered loss would have been protected; since on appeal, no .imprudence was found, the beneficiaries’ cause of action as to that loss during that accounting period has been dismissed. It is true that statements which this court made in the cited decisions before the appeal, indicate the view that an objection to a loss realized by sale during a future accounting period not yet before the court, would permit an inquiry into acts or omissions of the trustee which were settled by a prior accounting decree. However, that question was not before the court for decision, and the court does not now hold that view. When an objection based upon an alleged improper purchase or retention during an accounting period, even though no loss is yet realized by sale during that period, comes before this court as is now presented here, the court should rule upon such objection as in all accountings. In common trust funds, units of participation may be withdrawn or may have been withdrawn without protection if such issue is not entertained by this court. Units of participation may be or may have been withdrawn by a beneficiary of a common trust fund, although sale or maturity of underlying depreciated securities may be deferred, for years or even decades, and thereby the trustee may avoid accountability and the beneficiaries may suffer delay in obtaining relief, or may disappear. Conversely, the trustee should be protected by the finality of a decree exonerating it for decline in any past accounting period whether the decline in a security is or is not realized by sale before the terminal date of the prior accounting period.
In order to guide the parties in the examination, and to expedite any examination which may still be required herein, the following rules will be observed: a decree judicially settling an account concludes all parties with respect to the mating or retention of or conduct concerning an investment which is revealed in the account as having occurred during that accounting period. (Matter of Bannin, 142 App. Div. 436, 442.) Any and all possible liability for acts or omissions or both, has been forever put to rest by the prior accounting decree concerning this fund. (Matter of Denton v. Sanford, 103 N. Y. 607, 614.) That decree does not, of course, preclude questioning the retention of an investment during the period of the pending *547 accounting proceeding subsequent to the decree. (Matter of Bannin, supra; Bowditch v. Ayrault, 138 N. Y. 222, 231; Matter of Hoyt, 160 N. Y. 607, 618.) The prudence of the retention of or sale of a security or additional purchases of a security may indeed call for evidence of facts occurring at an earlier date, not for the purpose of challenging the earlier purchase or retention or sale during the period or periods covered by the prior decree or decrees, but merely for the light it may shed on the reasonableness of the trading conduct during the present period. That will not be so in every case and certainly will not justify extended examination into other periods. Relevance and probative weight must be the tests here, as in determining the scope of every examination.