661 P.2d 1154

**In the Matter of the ESTATE OF Hyman J. TERMAN, an Incapacitated Person.**

**Earl TERMAN, Petitioner/Appellant,**

v.

**John R. DITSWORTH, Guardian ad litem for Hyman J. Terman, the protected Person, Respondent/Appellee.**

**No. 2 CA–CIV 4340.**

Court of Appeals of Arizona, Division 2.

Jan. 25, 1983.

Rehearing Denied March 3, 1983.

Review Denied March 29, 1983.

Slutes, Browning, Sakrison & Grant, P.C. by D. Tom Slutes, Tucson, for petitioner/appellant.

John R. Ditsworth, Tucson, for respondent/appellee.

HATHAWAY, Judge.

Earl Terman, appellant, filed a claim against the estate of his incapacitated father, Hyman J. Terman, and after a contested court hearing, his claim was dismissed. On appeal, he contends that his claim was established by the uncontroverted evidence and that the defense of laches was not sustained. We affirm.

In November 1977, an amended inventory was filed by the conservator of the Hyman J. Terman estate. Earl Terman filed an affidavit controverting the amended inventory of assets and alleged that five of the time certificates of deposits totaling $11,500 and held by "Hyman J. Terman or Earl Terman (a son) joint tenants with right of survivorship" were not the sole and separate property of Hyman J. Terman, but belonged to a trust wherein Earl Terman and Hyman J. Terman were cotrustees. In November 1977, the court took cognizance of appellant's objection in the following minute entry:

> "The Court notes the objection of Earl Terman to certain matters of the inventory; however, the Court at this time has not ruled on said issues and if either party desires to contest said issues, they would be required to file the appropriate petitions and have the same set for hearing."

Earl Terman, an attorney, filed a notice of appearance in his father's estate on October 31, 1977. On November 10, 1977, appellant's step-mother, Molly Ruth Terman, was appointed conservator for Hyman J. Terman and a copy of the order was sent to appellant. On December 13, 1978, a proof of notice concerning a hearing on the first annual accounting was filed and a copy was sent to appellant. On January 8, 1979, an order was entered approving and settling the conservator's account for the period from November 10, 1977, through October 31, 1978. The questioned assets were included in the account.

Proof of notice concerning the hearing for approval of the second annual accounting was filed in December 1979, and the file reflects that a copy of the notice of hearing was mailed to appellant. On January 3, 1980, an order was entered approving and settling the conservator's second annual account which also included the questioned time certificates of deposit. These time certificates of deposit were subsequently expended for the personal care of Hyman J. Terman. Appellant petitioned on May 18, 1981, for repayment to the trust of the funds which he contends were wrongfully converted.

Appellant questions on appeal (1) whether there was sufficient evidence to support the trial court's implicit ruling that the assets in question were not trust assets, and (2) whether the evidence was sufficient to support a defense of laches. Appellee answers that the trial court was not called upon to rule on the existence or validity of the trust and that appellant's failure to allege and to prove error on each of the following separate theories upon which the trial court's ruling could be affirmed, require affirmance:

A. Res judicata bars appellant's claim.

B. Appellant's tort claim is barred by the two-year statute of limitations. A.R.S. § 12–542.

C. Failure to pursue the claim constitutes an implied waiver.

D. Appellant, an attorney, by not objecting to an alleged breach of trust, ratified the breach.

E. Failure to timely pursue the claim prejudiced appellee and laches bars the claim.

It is, of course, fundamental that the appellate court is concerned with the cor-

rectness of the trial court's ruling and not its reasoning. 5 Am.Jur.2d, Appeal and Error, § 727. Since no specific findings were made, we presume on appeal the finding of all facts necessary to support the judgment. C.J.S., Appeal and Error, § 1564(8). Appellant argues that the presumption does not operate where there is no substantial conflict in the evidence and that the uncontroverted evidence established a trust and that the trust assets were traced.

We approach the questions before us from the position urged by appellee that the record must be viewed in the light most favorable to the prevailing party. *McFarlin v. Hall,* 127 Ariz. 220, 619 P.2d 729 (1980). From that perspective, we first consider appellee's res judicata theory that appellant's claim is barred because it is based on matters which have already been adjudicated by the court. A.R.S. § 14–5419(D) provides:

"An order, made upon notice and hearing, allowing an intermediate account of a conservator, adjudicates as to his liabilities concerning the matters considered in connection therewith .... "

■ Appellee argues that the appellant's claim against the estate is based on the proposition that the conservator, Molly Ruth Terman, converted trust assets by including them as assets of the estate in the amended inventory filed in November 1977. In the order of the court previously quoted, the parties were directed, if they wished to contest the issue, to file appropriate petitions and have them set for hearing. The conservator proceeded to include the questioned assets in two subsequent annual interim accountings itemizing the assets as estate property. The accounts were approved by court order, without objection 'from appellant. The annual accountings are final as to the matters therein determined. Approval of the annual accountings after notice and without appeal, is binding

in the absence of a fraudulent concealment or misrepresentation. *In re Estate of Gray,* 9 Mich.App. 262, 156 N.W.2d 594 (1968); *Weir v. Snow,* 26 Cal.Rptr. 868, 210 Cal. App.2d 283 (1962); *James v. Gerber Products Company,* 587 F.2d 324 (6th Cir.1978); *In re Enger's Will,* 225 Minn. 229, 30 N.W.2d 694 (1948); *In re Marine Midland Bank,* 354 N.Y.S.2d 332, 77 Misc.2d 543 (1974); *Bogert, The Law of Trusts and Trustees, §§ 956, 974, rev. 2nd ed. 1982; Restatement (Second) of Trusts, § 220 (1959). Comment a to the Restatement section is pertinent:*

"The settlement of a trustee's account in a court having jurisdiction to settle his accounts renders res judicata matters which were open to dispute, whether or not actually disputed. An account may be reopened where the trustee was guilty of misrepresentation or concealment in presenting his account or in obtaining the approval of the court. The rule stated in this Section is applicable to intermediate as well as final accounts."

■ We find that the orders approving the first and second annual accountings are res judicata of the question raised through appellant's claim, even assuming the existence and validity of the trust. In view of our holding, we deem it unnecessary to discuss the sufficiency of the evidence or to consider the other theories presented in the appeal.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.