42 P.3d 605

In the Matter of: CVR 1997
IRREVOCABLE
TRUST.

Carl Retter, beneficiary of the CVR 1997
Irrevocable Trust, Appellant,

v.

Valerie Retter, as Trustee and beneficiary
of the CVR 1997 Irrevocable Trust,
Appellee.

No. 1 CA–CV 01–0283.

Court of Appeals of Arizona,
Division 1, Department A.

March 19, 2002.

Thomas K. Baird, Phoenix, for Appellant.

Gray & Fassold, P.C., By James A. Fassold, Alisa J. Gray, Phoenix, for Appellee.

## OPINION

LANKFORD, Judge.

¶ 1 Carl Retter ("Beneficiary") appeals from an order in a proceeding to terminate a trust that released the trustee from any and all liability arising out of her trust responsibilities. Beneficiary also challenges the court's approval of the trust's payment of fees to its attorneys.

¶ 2 The important facts are as follows. In 1997, Beneficiary and Trustee Valerie Retter executed the CVR 1997 Irrevocable Trust (the "CVR Trust"). They were the sole trustors and beneficiaries, and Trustee was the sole trustee. The corpus of the CVR Trust consisted of funds they had received from their aunt, Florence Lieberman. The terms of the CVR Trust provided that the corpus was to be fully distributed "[a]s soon as possible following the death of Florence Lieberman . . . ."

¶ 3 In November 1999, Trustee and her brother Dale Retter, as Co-Trustees of the Gertrude L. Retter Family Trust (the "Retter Trust") and the Florence Lieberman Trust (the "Lieberman Trust") filed a civil complaint against Beneficiary for alleged financial exploitation of their mother, Gertrude Retter, and of Lieberman. Among other things, the action sought an order forfeiting Beneficiary's inheritance from both his mother and his aunt. Co-Trustees were represented in this action by the Murphy Law Firm. Beneficiary denied the allegations in the complaint.

¶ 4 Lieberman died in March 2000. Trustee petitioned the probate court for instructions on whether she was obligated to distribute funds from the CVR Trust or to sequester them pending resolution of the civil action. Trustee was concerned that if she were to distribute the CVR Trust proceeds, Beneficiary would immediately deplete the funds and nothing would remain to satisfy any judgment obtained in the civil action. She perceived a potential conflict between her duty as Trustee of the CVR Trust—to distribute the assets—and her duty as Co-Trustee of the Retter and Lieberman Trusts—to recover for those trusts any funds misappropriated by Beneficiary. The Murphy Law Firm represented Trustee in this probate action.

¶ 5 The probate court directed Trustee to distribute the trust funds unless she obtained a provisional remedy in the civil action allowing her to hold the funds until resolution of that matter. Co-Trustees' motion for a provisional remedy in the civil action was denied. Shortly thereafter, the law firm of Gray & Fassold, P.C., substituted for the Murphy Law Firm as counsel for both Trustee of the CVR Trust in the probate action and Co-Trustees in the civil action.

¶ 6 Trustee proceeded to distribute all of the CVR Trust assets, holding back the funds in one account for payment of final trust expenses. She then filed a Petition for Approval of Proposed Distribution, for Termination of Trust, and for Release of Trustee ("Petition for Approval"). The Petition for Approval included the most recent statements for all trust accounts, a list of proposed final expenditures, and copies of invoices for services rendered to the CVR Trust by attorneys and accountants. Beneficiary objected to the Petition for Approval on the bases that (1) the services provided by the attorneys did not benefit the trust and instead constituted a conflict of interest; and (2) the Petition for Approval impermissibly sought the full release of Trustee from any and all liabilities arising from her stewardship.

¶ 7 The probate court held an evidentiary hearing on the Petition for Approval. The court determined that the attorneys' fees were appropriately incurred and granted the Petition for Approval. The court entered a corresponding order that also terminated the CVR Trust and released Trustee from any liabilities arising out of her trusteeship. Beneficiary timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–2101(B) and (J) (1994).

¶ 8 Beneficiary first contests the part of the trial court order that reads: "Upon final distribution and termination of the Trust, the Trustee shall be released from any liabilities arising out of her Trusteeship." Beneficiary asserts that this provision contravenes his statutory right to bring an action against the trustee six months from the date of the final accounting.[1] Whether the

---

1. Beneficiary also asserts that the court's order impermissibly abrogates his constitutional right to sue for damages, and violates his rights of equal protection and due process. Beneficiary failed to raise his constitutional claims regarding abrogation, equal protection, and due process below and we therefore do not consider them on appeal. *See Englert v. Carondelet Health Net-*

trial court erred in considering Trustee's Petition for Release is a legal question that we review de novo. *See Enter. Leasing Co. v. Ehmke,* 197 Ariz. 144, 148, ¶ 11, 3 P.3d 1064, 1068 (App.1999).

¶ 9 Beneficiary argues that by considering Trustee's Petition for Release, the trial court violated his right to sue Trustee for her personal liability. He relies on A.R.S. § 14-7306(B) (1995), which states:

> A trustee is personally liable for obligations arising from ownership or control of property of the trust estate or for torts committed in the course of administration of the trust estate only if he is personally at fault.

He further relies on A.R.S. § 14-7307 (1995), which provides a six-month limitations period for breach of trust claims against a trustee:

> Unless previously barred by adjudication, consent or limitation, any claim against a trustee for breach of trust is barred as to any beneficiary who has received a final account or other statement fully disclosing the matter and showing termination of the trust relationship between the trustee and the beneficiary unless a proceeding to assert the claim is commenced within six months after receipt of the final account or statement.

¶ 10 Nothing in these statutes restricts a court's ability to release a trustee.² To the contrary, the statute of limitations expressly provides that it is inapplicable if claims against the trustee for breach of trust were *"previously barred by adjudication, consent or limitation ...."* A.R.S. § 14-7307 (emphasis added). This recognizes that "the equitable principles of estoppel and laches, as well as general statutes of limitation, will apply in many cases to terminate trust liabili-

ties." Unif. Probate Code § 7-302 cmt. (1998).

¶ 11 Far from depriving Beneficiary of the right to litigate Trustee's liability, the court's release of Trustee merely reflects that Trustee's conduct already has been the subject of a judicial proceeding. The evidentiary hearing on Trustee's petition for approval was Beneficiary's opportunity to litigate the issues decided in that proceeding. The court's approval effectively exonerated Trustee, and the court's order releasing Trustee merely restated that fact.³

¶ 12 The court's approval of an accounting generally bars any later action against the trustee on the approved matters.⁴ "The settlement of a trustee's account in a court having jurisdiction to settle his accounts renders res judicata matters which were open to dispute, whether or not actually disputed." Restatement (Second) of Trusts § 220, cmt. a. There is no doubt of the probate court's jurisdiction in this case. *See* A.R.S. § 14-7201(A)(3); *see also Estrada v. Ariz. Bank,* 152 Ariz. 386, 389, 732 P.2d 1124, 1127 (App.1987) (court's jurisdiction to settle interim accounts).

¶ 13 We applied this rule to bar an action against a trustee for alleged mismanagement in *Estrada v. Arizona Bank,* 152 Ariz. at 389, 732 P.2d at 1127. In that case, we held that "a judicial settlement of a trustee's interim accounts as to persons who receive notice and are subject to the court's jurisdiction bars subsequent litigation seeking to raise defaults or defects with respect to the matters shown or disclosed." (*Id.*)

¶ 14 Beneficiary had an opportunity to litigate Trustee's conduct at the hearing. Bene-

---

*work,* 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768 (App.2000).

2. The intent behind the provisions on which Beneficiary relies for his right to sue appears to be to *limit* a trustee's liability for his or her administration of a trust.

3. *See* J.E. Macy, Annotation, *Conclusiveness of Allowance of Account of Trustee or Personal Representative as Respects Self–Dealing in Assets of Estate,* 1 A.L.R.2d 1066, § 4 (1948) ("The rule that approval of an account may be res judicata of a claim for self-dealing applies to an order on

a fiduciary's final account, *and with or without an order discharging him.*" (Emphasis added)).

4. Matters not disclosed by the trustee, or matters that the trustee fraudulently concealed or misrepresented in the accounting, may be subject to later litigation. Restatement (Second) of Trusts § 220 cmt. a (1959); *accord* William F. Fratcher, *Scott on Trusts* § 220 (4th ed.1988); George C. Bogert & George T. Bogert, *Trusts & Trustees* § 974, at 473–76 (2d ed., rev.1983); 90 C.J.S. *Trusts* § 416 (1955).

ficiary chose not to do so. His own election is not an unconstitutional deprivation of his right to sue.[5]

¶ 15 We also note that Beneficiary concedes that a trustee's liability may be determined in a "proceeding for accounting ... or other appropriate proceeding." We disagree with Beneficiary that a proceeding to approve the trust accounts, to terminate the trust and to discharge the trustee from liability was somehow an inappropriate context for such an adjudication.

¶ 16 Beneficiary also challenges the trial court's approval of the CVR Trust's payment of fees to its attorneys. We review this award only for abuse of discretion. *In re Estate of Shano,* 177 Ariz. 550, 558–59, 869 P.2d 1203, 1211–12 (App.1993). Because there are no findings of fact or conclusions of law, we presume that the trial court found every fact necessary to sustain its ruling and will affirm if any reasonable construction of the evidence supports its decision. *Berryhill v. Moore,* 180 Ariz. 77, 82, 881 P.2d 1182, 1187 (App.1994).

¶ 17 Beneficiary argues that the trial court should have denied fees to the attorneys for the CVR Trust because they had two separate conflicts of interest: a conflict between their duties to their trust client and their duties to him as a beneficiary and a conflict between their duties to the CVR Trust and their duties to the Retter and Lieberman Trusts.

¶ 18 The cases relied upon by Beneficiary to demonstrate the conflict of interest counsel had to the trust and to him as a beneficiary are inapposite. These cases involve attorney disqualifications because of actual or perceived conflicts of interest between *clients. See, e.g., In re Breen,* 171 Ariz. 250, 252, 830 P.2d 462, 464 (1992) (attorney disciplined for failing to disclose to his clients his conflicting interests as their attorney, as shareholder and treasurer of their corporation, and as attorney for another corpora-

tion); *In re Ireland,* 146 Ariz. 340, 344–45, 706 P.2d 352, 356–57 (1985) (attorney disciplined for failing to disclose to his clients, several incorporators, that property offered by one of them was imperiled by separate litigation in which the same attorney represented that incorporator); *Rodriguez v. State,* 129 Ariz. 67, 74, 628 P.2d 950, 957 (1981) (attorney disqualified because of perceived conflict of interest between clients); *Estate of Shano,* 177 Ariz. at 553, 869 P.2d at 1206 (attorney disqualified from representing special administrator of estate after attorney had represented individual beneficiary of estate—a conflict of interest between clients). Beneficiary was not a client of the trust attorneys. *See In re Estate of Fogleman,* 197 Ariz. 252, 257, ¶ 11, 3 P.3d 1172, 1177 (App.2000). Accordingly, no conflict involving Beneficiary arose from the representation.

¶ 19 Even assuming that a conflict of interest existed, the trial court did not abuse its discretion in awarding payment of Trustee's attorneys' fees from the trust. The attorneys' duties to Beneficiary were derivative of their duty to their client, Trustee, and the attorneys did not owe Beneficiary a duty of undivided loyalty; they simply owed him a duty of fairness and impartiality. *Id.* at 257, ¶¶ 10–11, 3 P.3d at 1177. Beneficiary has not demonstrated any breach of those duties. Rather, as discussed below, Trustee and her attorneys complied with Arizona law in resolving her potential conflict with her various trustee duties. The trial court correctly determined that Trustee's actions, and those of her attorneys, were proper and authorized payment of the attorneys' fees by the trust.

¶ 20 We also reject the contention that a conflict in the lawyers' duties to the various trusts required disapproval of their fees. Trustee had a potential conflict of interest. Because the civil action by the Retter and Lieberman Trusts charging Beneficiary with misappropriation was pending at the time of Lieberman's death, Trustee was faced with a

---

5. As far as this record discloses, Beneficiary also did not bring a separate action within the six-month limitation period of A.R.S. § 14–7307. Beneficiary also has not contended in this appeal that the matters heard by the probate court constituted less than a full accounting by Trustee.

No transcript of the hearing was prepared. In the absence of a transcript, we must presume that the evidence presented at the hearing supported the full extent of the court's release from liability. *See Fletcher v. Fletcher,* 137 Ariz. 497, 498, 671 P.2d 938, 939 (App.1983).

**178**

potential conflict between her duties as Co–Trustee of the Retter and Lieberman Trusts (to preserve the corpus of the CVR Trust for satisfaction of any judgment in the civil action) and her duties as Trustee of the CVR Trust (to distribute the assets of the CVR Trust to Carl and herself upon Lieberman's death), as well as her interest as a beneficiary of the CVR Trust.

¶ 21 However, Trustee properly resolved any conflict by following the instructions of A.R.S. § 14–7235(B) (1995):

> If the duty of the trustee and his individual interest or his interest as trustee of another trust conflict in the exercise of a trust power, the power may be exercised only by court authorization ... on petition of the trustee.

Trustee applied for and obtained instructions from the probate court.

¶ 22 The attorneys' alleged conflict was derivative of Trustee's. Trustee's resolution also resolved the attorneys' potential conflict. The statutes allowed Trustee to retain counsel, including counsel with whom she was previously associated, to assist her with her administrative duties. A.R.S. § 14–7233(C)(24) (1995) (authorizing trustee to "[e]mploy persons, including attorneys ..., even if they are associated with the trustee, to advise or assist the trustee in the performance of his administrative duties ...."). Even if the retention of certain counsel presented a potential conflict in the exercise of Trustee's duties, Trustee was not required to obtain court authorization before hiring such counsel. *See* A.R.S. § 14–7235(B) (excepting the retention of counsel under A.R.S. § 14–7233(C)(24) from the potential conflict situations requiring court authorization before a trustee may exercise his or her trust powers).

■ ¶ 23 We conclude that no disqualifying conflict existed. Rather, the court should look at the actual administration of the trust, not just possible conflicts, to determine if the trustee and his agents have acted in the best interests of the trust beneficiaries. *State v. Belin,* 456 So.2d 1237, 1241 (Fla.App.1984).

¶ 24 We find no breach of any duty by counsel. Trustee acted with court authorization. She ultimately attempted to distribute all of the assets of the CVR Trust. When Beneficiary disputed certain distributions, Trustee again petitioned the court, pursuant to statute, for approval of fees, termination of the trust, and release of the trustee. *See* A.R.S. §§ 14–7201 (1995) (providing for court jurisdiction over proceedings concerning the administration and distribution of trusts) and 14–7206 (1995) (providing for petition for court review of the propriety of the employment of any person, including an attorney, by the trustee, and review of the reasonableness of the compensation of the person so employed). The trial court held an evidentiary hearing and determined that the attorneys' fees were appropriately incurred on behalf of the trust.

¶ 25 Beneficiary has failed to demonstrate any malfeasance or breach of duty by Trustee or by her attorneys.[6] He has not shown any waste of trust assets, undue delay in trust matters, or unnecessary legal fees which might justify a denial of the lawyers' compensation. *See Estate of Shano,* 177 Ariz. at 558–59, 869 P.2d at 1211–12 (court may deny request for compensation of attorneys' fees where attorney has violated legal and ethical duties to clients and thereby contributed to waste and delay in handling of estate or caused the unwarranted incurrence of attorneys' fees). The trial court did not abuse its discretion in approving payment of the fees.

¶ 26 The order of the probate court is affirmed.

GEMMILL, P.J. and VOSS, J., concurring.

---

**6.** In eleven months of litigation, Beneficiary never sought removal of Trustee or the disqualification of her attorneys.