NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MELINDA G. VALENZUELA, *Plaintiff/Appellant,*

*v.*

MARICOPA COUNTY SHERIFF, et al., *Defendants/Appellees.*

No. 1 CA-CV 15-0049
FILED 11-5-2015

Appeal from the Superior Court in Maricopa County
No. CV2014-094691
The Honorable Mark F. Aceto, Retired Judge

**AFFIRMED**

COUNSEL

Melinda Gabriella Valenzuela, Buckeye
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By J. Randall Jue
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

**J O N E S**, Judge:

**¶1**          Melinda Valenzuela appeals the trial court's order dismissing the complaint and denying a request to disqualify opposing counsel.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          On September 12, 2014, Valenzuela filed a complaint against the Maricopa County Sheriff's Office and several detention officers (collectively, MCSO) alleging a First Amendment violation of the right to maintain a religious diet by serving Valenzuela bologna for lunch.  At that time, Valenzuela was subject to Administrative Order 2006-052 (the Order), which identified Valenzuela as a named party in at least 104 civil court cases filed since 2002, the majority of which were dismissed for failure to state a claim.[1]  The Order concluded Valenzuela was a "vexatious litigant" and prohibited the filing of any new lawsuit in Maricopa County without obtaining advance permission from the presiding judge.

**¶3**          MCSO moved to dismiss, asserting Valenzuela had not complied with the Order and was therefore barred from filing the lawsuit. Valenzuela did not file a response.  The trial court, finding the motion to be meritorious and deeming the failure to respond as consent to its granting, entered a final order dismissing the case.

**¶4**          Four days after the dismissal, Valenzuela filed a response and objection to the motion to dismiss, asserting compliance with the Order. Valenzuela also requested the trial court disqualify MCSO's counsel because Valenzuela had previously filed a sexual harassment claim against him.  The court determined the untimely arguments had been waived and, on its own motion, ordered the response stricken.

**¶5**          Valenzuela timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1)[2] and -2101(A)(1).

---

[1]      The order is addressed to "Quennel Devon Glover aka Enrique Gabrielle Mendez," names the State asserts are prior aliases of Valenzuela.

[2]      Absent material revisions from the relevant date, we cite a statute's current version.

**DISCUSSION**

### I. Motion to Dismiss

**¶6** Valenzuela first argues the trial court erred in granting dismissal because Valenzuela purportedly complied with the Order. We review *de novo* an order granting a motion to dismiss for failure to state a claim. *See Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 556, ¶ 17 (App. 2014) (citing *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012)). In doing so, we assume the truth of the material facts asserted by the plaintiff and will affirm dismissal where the plaintiff is not entitled to relief under any facts susceptible of proof under the claims stated. *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346 (1996) (citing *Menendez v. Paddock Pool Constr. Co.*, 172 Ariz. 258, 261 (App. 1991)).

**¶7** Valenzuela did not allege compliance with the Order within the complaint. *See Coleman,* 230 Ariz. at 356, ¶ 9 ("'[C]ourts look only to the pleading itself' when adjudicating a Rule 12(b)(6) motion.") (quoting *Cullen v. Auto-Owners Ins.*, 218 Ariz. 417, 419, ¶ 7 (2008)). Moreover, when presented with an opportunity to oppose the motion to dismiss and demonstrate actual compliance, Valenzuela failed to do so. *See Anson v. Am. Motors Corp.*, 155 Ariz. 420, 421 (App. 1987) (noting the plaintiff carries the burden when a motion to dismiss establishes the claim is facially barred); *see also* Ariz. R. Civ. P. 7.1(b) (authorizing the trial court to deem a party's non-response as "a consent to the denial or granting of the motion"). And even if the trial court had elected to consider Valenzuela's belated response,[3] it offered only vague assertions that "the case was sent to the [presiding judge] for ruling" and "plaintiff complied as required." These conclusory statements do not justify Valenzuela's failure to establish a right to file the lawsuit. *Coleman*, 230 Ariz. at 356, ¶ 9 (noting "mere conclusory

---

[3] Valenzuela's reply brief on appeal argues for the first time that the response should be considered filed on the day it was provided to jail personnel, which could be no earlier than December 4, 2015, the date it was signed. The motion to dismiss, however, was served November 3, 2014, meaning a response was due November 18, 2014, ten business days later. Ariz. R. Civ. P. 6(a), 7.1(a). Adding five mailing days extended the deadline to November 23, 2014, a Sunday, meaning the last day for filing was Monday, November 24, 2014. *See* Ariz. R. Civ. P. 6(a), (e). Valenzuela did not purportedly transmit the response to jail personnel until December 4, 2014, ten days past the date the response was due.

statements are insufficient" to state a claim for relief) (citing *Cullen*, 218 Ariz. at 419, ¶ 7).

**¶8**　　　　Only on appeal does Valenzuela attempt to prove compliance with the Order and establish a right to file the lawsuit. Because Valenzuela did not present any evidence in this regard to the trial court, we will not consider it on appeal. *See West v. Baker*, 109 Ariz. 415, 418-19 (1973) ("[A]n appellate court is confined in the determination of a case to what is shown by the record only and cannot consider such extraneous matters."). Even if we were to consider information outside of the record, the application seeking leave to file the lawsuit against MCSO, included in the appendix to Valenzuela's opening brief, although dated July 17, 2014, bears no indication that it was filed with the court and does not include a signed order from the presiding judge granting the application.

**¶9**　　　　Under these circumstances, the trial court properly dismissed Valenzuela's complaint.

## II.　　Disqualification of Counsel

**¶10**　　　　Valenzuela next argues the trial court erred in denying the request to disqualify MCSO's counsel. We review a ruling on a disqualification motion for an abuse of discretion. *Burch & Cracchiolo, P.A. v. Myers*, 237 Ariz. 369, 381, ¶ 14 (App. 2015) (citing *Simms v. Rayes*, 23 Ariz. 47, 49, ¶ 8 (App. 2014)). "To find an abuse of discretion, there must either be no evidence to support the court's conclusion or the reasons given by the court must be 'clearly untenable, [be] legally incorrect, or amount to a denial of justice.'" *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006) (quoting *State v. Chapple*, 135 Ariz. 281, 297 n.18 (1983), and citing *United Imps. & Exps., Inc. v. Superior Court*, 134 Ariz. 43, 46 (1982)). We are further mindful that "[o]nly in extreme circumstances should a party to a lawsuit be allowed to interfere with the attorney-client relationship of his opponent," *Alexander v. Superior Court*, 141 Ariz. 157, 161 (1984), and "[t]he burden is on the party moving to disqualify opposing counsel to show 'sufficient reason' why the attorney should be disqualified," *Amparano v. Asarco, Inc.*, 208 Ariz. 370, 377, ¶ 24 (App. 2004) (citing *Alexander*, 141 Ariz. at 161).

**¶11**　　　　Although the trial court did not explicitly state why it denied the motion, Valenzuela's request for disqualification was made after the court entered the order of dismissal. Moreover, a prior personal conflict between a party and opposing counsel is not, alone, an "extreme circumstance" that may trump the opposing party's right to counsel of his

choice. This is particularly true here, given Valenzuela's apparent litigious nature. We therefore find no abuse of discretion. *See Double AA Builders, Ltd. v. Grand State Constr. L.L.C.*, 210 Ariz. 503, 506 (App. 2005) (noting that, where no reason is given by the trial court, we presume the decision is supported and will affirm "if any reasonable construction of the evidence justifies it") (citing *Garden Lakes Comty. Ass'n v. Madigan*, 204 Ariz. 238, 240, ¶ 9 (App. 2003), and *In re CVR 1997 Irrevocable Trust*, 202 Ariz. 174, 177, ¶ 16 (App. 2002)).

## CONCLUSION

**¶12**　　　　The trial court's orders dismissing the complaint and denying Valenzuela's request to disqualify opposing counsel are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama